**Theodore Lee STEWART, Individually and as Community Survivor Heir at Law of The Estate of Pamela Sue Stewart, Deceased, Appellant,**

v.

**Robert P. HARDIE, M.D., Appellee.**

No. 2–96–314–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 6, 1998.

---

**13.** *E.I.du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549 (Tex.1995); *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706 (Tex.1997).

Fisher, Boyd, Brown, Boudreaux & Huguenard, L.L.P., Olan J. Boudreaux, Houston, for Appellant.

Wallach & Moore, P.C., Jennifer M. Andrews, D. Michael Wallach, Leslie Dillon Walker, Fort Worth, for Appellee.

Before LIVINGSTON, RICHARDS and HOLMAN, JJ.

## OPINION ON REHEARING

RICHARDS, Justice.

We deny appellant's motion for rehearing. We withdraw our June 11, 1998 opinion and judgment and substitute the following.

### I. INTRODUCTION AND HOLDING

Appellant Theodore Lee Stewart ("Stewart") appeals the trial court's judgment dismissing his survival claim on behalf of Pamela Sue Stewart ("Mrs.Stewart") and ordering that he take nothing on his wrongful death claim against Dr. Robert Hardie ("Hardie"). In his first point, Stewart argues that the trial court erred in dismissing his survival claim because no administration of Mrs. Stewart's estate was necessary; thus, he had capacity to assert this claim on behalf of the estate of his deceased wife, rendering his survival claim within the statute of limitations. In his second point, Stewart argues that the trial court erred in entering a take-nothing judgment against him on his wrongful death claim because this claim is not barred by the doctrine of judicial estoppel. Because we conclude (1) the trial court was correct to dismiss Stewart's improperly brought survival action and (2) the trial court correctly entered a take-nothing judgment as to Stewart's wrongful death action based on judicial estoppel, we affirm the trial court's judgment.

### II. BACKGROUND

#### A. Factual History

On March 26, 1991, Hardie admitted Mrs. Stewart to Harris Methodist Fort Worth Hospital for surgery. Mrs. Stewart suffered from postoperative bleeding and had to be returned to the operating room twice before being stabilized. However, two days later Mrs. Stewart died. She was survived by her husband, Stewart; her minor children, David Michael Stewart, Christopher Lee Stewart, and Stacy Lynn Stewart ("the children"); and her father, Edward B. Goodson, Jr.

## B.  Procedural History

On May 3, 1991, Stewart filed for Chapter 7 bankruptcy.  On September 5, the court discharged Stewart as a debtor.  Before the discharge, none of the schedules identifying Stewart's assets included any malpractice claims against Hardie.

Stewart filed his original petition asserting survival and wrongful death claims against Hardie on November 15, 1991.  Stewart filed suit in his individual capacity as a wrongful death beneficiary, in his representative capacity as "community survivor" on behalf of Mrs. Stewart's estate, and in his representative capacity as "next friend" of the children.  Hardie filed affirmative defenses to both Stewart's wrongful death claim and his survival action.  Hardie argued that Stewart was judicially estopped from asserting his wrongful death claim because he had failed to list it as an asset when he filed for Chapter 7 bankruptcy six weeks following his wife's death.  Additionally, Hardie argued that no individual, including Stewart, had appeared in the case who had the capacity to assert the survival claim during the requisite time period; therefore, limitations had expired against this claim.

The case was called to trial on May 6, 1996.  The parties submitted an "agreed case" to the trial court on the estoppel and capacity issues by way of stipulations and documentary evidence.  See TEX.R. CIV. P. 263.  After considering the evidence, the trial court ruled that Stewart was barred from asserting his wrongful death claim on the basis of judicial estoppel and that Stewart lacked capacity to maintain his claim on behalf of Mrs. Stewart's estate.  The court entered a judgment and order of severance fully disposing of Stewart's survival and wrongful death claims for purposes of appeal.  Stewart filed a motion for new trial on August 23, 1996, which the trial court denied on October 15.

## III.  STANDARD OF REVIEW

▮  A case submitted to the trial court upon a stipulation of facts under this rule is similar to a special verdict in that it is a request by the parties for judgment in accordance with the applicable law.  See State Farm Lloyds v. Kessler, 932 S.W.2d 732, 735 (Tex.App.—Fort Worth 1996, writ denied); Chiles v. Chubb Lloyds Ins. Co., 858 S.W.2d 633, 634 (Tex.App.—Houston [1st Dist.] 1993, writ denied).  In an "agreed case," the only issue on appeal is whether the trial court correctly applied the law to the stipulated facts.  See State Farm Lloyds, 932 S.W.2d at 735; Chiles, 858 S.W.2d at 634.  Our review is limited to those agreed facts in the stipulation unless other facts are necessarily implied therefrom.  See State Farm Lloyds, 932 S.W.2d at 735.  In an appeal of an "agreed case," there are no presumed findings in favor of the judgment.  See id.

▮  Because the issue on appeal is purely a question of law, we perform a de novo review.  See Barber v. Colorado Indep. Sch. Dist., 901 S.W.2d 447, 450 (Tex.1995); State Farm Lloyds, 932 S.W.2d at 735.  A de novo review is less deferential than ordinary appellate review because a trial court has no discretion in deciding what the law is or in determining how to apply it.  See Walker v. Packer, 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding); State Farm Lloyds, 932 S.W.2d at 735.

## IV.  THE SURVIVAL ACTION

In his first point, Stewart argues that the trial court erred in dismissing his survival claim.  Hardie challenged Stewart's survival claim based on the fact that because Stewart did not have capacity to assert a claim on behalf of Mrs. Stewart's estate, any claim asserted on behalf of the estate was barred by limitations.

Under the Texas Survival Statute, a personal representative, administrator, or heir may sue on behalf of an estate.  See TEX. CIV. PRAC. & REM.CODE ANN. § 71.021(b) (Vernon 1997).  A personal representative includes an executor, independent executor, administrator, independent administrator, and temporary administrator.  See TEX. PROB.CODE ANN. § 3(aa) (Vernon Supp.1998).  Heirs are persons, including the surviving spouse, who are entitled under the statutes of descent and distribution to the estate of a person who dies intestate.  See id. § 3(o).  Although the Wrongful Death Act expressly authorizes the

surviving spouse to bring suit on behalf of all wrongful death beneficiaries, the Survival Statute is silent about whether and when a spouse may bring a survival claim. *Compare* TEX. CIV. PRAC. & REM.CODE ANN. § 71.004(b) *with* TEX. CIV. PRAC. & REM.CODE ANN. § 71.021(b).

■ At the time of Mrs. Stewart's death, if a spouse died intestate, the deceased spouse's one-half interest in the community probate assets passed to the decedent's descendants; the surviving spouse continued to own his or her one-half interest in the community probate assets. *See* Act of March 17, 1955, 54th Leg., R.S., ch. 55, § 45, 1955 Tex. Gen. Laws 88, 103, *amended by* Act of May 24, 1991, 72nd Leg., R.S., ch. 895, § 4, 1991 Tex. Gen. Laws 3062, 3064, *amended by* Act of May 28, 1993, 73nd Leg., R.S., ch. 846, § 33, 1993 Tex. Gen. Laws 3337, 3351 (current version at TEX. PROB.CODE ANN. § 45 (Vernon Supp.1998)). Generally, personal representatives of the decedent's estate are the only people entitled to sue to recover estate property. *See Frazier v. Wynn,* 472 S.W.2d 750, 752 (Tex.1971). An heir may be a personal representative. *See Shepherd v. Ledford,* 926 S.W.2d 405, 413 (Tex.App.— Fort Worth 1996), *aff'd,* 962 S.W.2d 28 (Tex. 1998). For an heir to have standing to bring a survival action within the period allowed for administration of an estate, the heir must generally plead and prove that no administration of the decedent's estate is pending and that none is necessary. *See Frazier,* 472 S.W.2d at 752; *Richardson v. Vaughan,* 86 Tex. 93, 23 S.W. 640, 641 (1893). But there is an exception to this rule:

> [I]f there is no administration upon the estate ... and the facts show that none is necessary or desired by those interested in [the] estate ... and the heirs are in possession of his property, they are in such sense the representatives of their ancestor ... [and] an original suit may be brought....

*McCampbell v. Henderson,* 50 Tex. 601, 611 (1879); *see also Richardson,* 23 S.W. at 641 (holding because petition did not allege there were no debts against estate or that emergency existed making suit by heirs necessary in order to preserve their claim, exception to

the rule that administrator must sue did not apply).

■ In the present case, Stewart sued Hardie individually, as next friend of the children, and as community survivor of Mrs. Stewart's estate. Unlike the situation in *Shepherd,* which Stewart relies on, Stewart was not the only beneficiary of Mrs. Stewart's estate. In *Shepherd,* an administration was not necessary as a matter of law because the surviving spouse was the only heir of the estate and there was evidence that the family had resolved the estate's disposition. *Shepherd,* 962 S.W.2d at 33; *Shepherd,* 926 S.W.2d at 414. There is no such evidence in this case. Stewart was only entitled to half of the community probate estate and he did not prove that no administration of Mrs. Stewart's estate was pending and that none was necessary. The parties stipulated that the estate had debts at the time of Mrs. Stewart's death. *See* TEX. PROB.CODE ANN. § 178(b) (Vernon 1980). Further, there is no stipulation that the family had reached an agreement as to the disposition of the estate. Thus, an administration was necessary in this case, and the proper party to bring suit on behalf of the estate was the estate's personal representative.

■ Because the survival action was never brought by a proper party, the action was not brought within the two-year statute of limitations. *See* TEX.REV.CIV. STAT.CODE ANN. art. 4590i, § 10.01 (Vernon Supp.1998). Stewart argues that his post-limitations pleading amendment, which alleged that no administration was necessary, would relate back to the original petition and bring the suit within the statute. *See Goode v. Shoukfeh,* 863 S.W.2d 547, 550 (Tex.App.—Amarillo 1993, no writ). But Stewart made no attempt to prove this allegation or join a proper estate representative even after Hardie filed a verified special denial raising Stewart's capacity. *See* TEX.R. CIV. P. 93.1. Thus, even if we agreed that any amendment would relate back to the original filing for limitations purposes, such a rule would not apply to Stewart. Accordingly, Stewart's action is barred by limitations, and the trial court was correct to dismiss the survival claim.

## V. THE WRONGFUL DEATH CLAIM

Secondly, Stewart argues that the trial court erred in entering a take-nothing judgment in his wrongful death claim. In response to Stewart's wrongful death claim, Hardie raised the affirmative defense of judicial estoppel based on the fact that Stewart had not listed the claim as an asset when he filed for bankruptcy.

Judicial estoppel is a common law principle that applies when a party tries to contradict his or her own sworn statement given in prior litigation. *See Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988).[1] It is designed to protect the integrity of the judicial process by preventing a party from "playing fast and loose" with the courts to suit the party's own purposes. *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir.1996). The primary purpose of the doctrine is not to protect litigants, but rather the integrity of the judiciary. *See Interfirst Corp.*, 858 F.2d at 268. In other words, it is used to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage. *See Andrews*, 959 S.W.2d at 649.

Debtors in a bankruptcy action have an absolute duty to report whatever interests they hold in property, even if they believe the asset is worthless or unavailable to the bankruptcy estate. *See In re Yonikus*, 974 F.2d 901, 904 (7th Cir.1992). Because of the broad scope of § 541(a), a potential personal injury claim that arose prepetition is property of the estate that must be reported. 11 U.S.C.A. § 541(a) (West 1993); *see In re Allen*, 179 B.R. 818, 820 (Bankr.E.D.Tex. 1995). When a cause of action accrues before the date the bankruptcy petition is filed, the claim is an interest that the debtor possesses when he or she files the bankruptcy petition. *See Sizemore v. Arnold*, 647 N.E.2d 697, 699 (Ind.Ct.App.1995).

In this case, Stewart's wrongful death claim accrued on the date of his wife's death—March 28, 1991. Stewart filed his bankruptcy petition on May 3, 1991. Accordingly, he had a duty to report the potential lawsuit as an asset of the bankruptcy estate. The fact that he did not disclose it acted as a de facto denial that a wrongful death claim existed. *Cf. Southmark*, 442 S.E.2d at 267 (holding under Chapter 11's strict disclosure requirements, failure to disclose legal malpractice claim was de facto denial). Thus, Stewart is contradicting this denial by filing the claim. We further find that Stewart was "playing fast and loose" with the courts by the timing of his filings: Stewart did not file his wrongful death claim until two months after his bankruptcy was discharged. It appears as if Stewart deliberately waited until his bankruptcy was over to file the wrongful death action. We do not have to decide whether Stewart deliberately hid the asset from the bankruptcy court because the only relevant question is whether the claim was an asset that Stewart had a duty to report. We find it was an asset that he was required to report.

Because of these findings and under federal bankruptcy law, Stewart is judicially estopped from prosecuting the action he failed to report as part of his bankruptcy estate. *See Southmark*, 442 S.E.2d at 267 (holding plaintiff judicially estopped from bringing legal malpractice claim when he did not list it as bankruptcy estate asset). Accordingly, the trial court was correct to enter a take-nothing judgment on the wrongful death claim based on judicial estoppel.

## VI. CONCLUSION

An administration was necessary to dispose of Mrs. Stewart's estate; thus, Stewart was not the proper party to bring the survival action. We affirm the trial court's dismissal of the survival action. Stewart had a duty to report the wrongful death claim,

---

1. To "promote the goal of uniformity and predictability in bankruptcy proceedings" and to "give the proper effect to the judgment of the bankruptcy court," we will apply federal bankruptcy law to this issue. *Andrews v. Diamond, Rash, Leslie & Smith*, 959 S.W.2d 646, 649 n. 1 (Tex.App.—El Paso 1997, writ denied); *see also* *Southmark Corp. v. Trotter, Smith & Jacobs*, 212 Ga.App. 454, 442 S.E.2d 265, 266 (1994) (applying federal bankruptcy law to judicial estoppel claim in legal malpractice suit filed in Georgia when previous bankruptcy was decided in Texas).

which accrued before the bankruptcy petition was filed, as a bankruptcy asset. Because Stewart did not list the claim as an asset, he is judicially estopped from prosecuting the claim now. We affirm the trial court's take-nothing judgment as to the wrongful death claim. Accordingly, we overrule Stewart's points and affirm the trial court's judgment.