Opinion issued January 9, 2003












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00280-CV




VICKIE STEMPSON, INDIVIDUALLY AND AS HEIR AND NEXT FRIEND
OF WILLIAM R. FOLLIARD, III, Appellant

V.

CITY OF HOUSTON, Appellee




On Appeal from the 270th District Court
 Harris County, Texas
Trial Court Cause No. 2001-29661




MEMORANDUM OPINION
           Appellant, Vickie Stempson, individually and as heir and next friend of William R.
Folliard, III, appeals the summary judgment rendered by the trial court on her survival action
filed after the death of her brother, William R. Folliard, III (Folliard). We affirm. 
BACKGROUND
           Folliard was arrested by a Houston Police Officer, charged with driving under the
influence, and placed in the City of Houston detention facility. When left alone, he tied his
belt to the bathroom doorknob and attempted to hang himself. He was later discovered
unconscious on the bathroom floor and was taken to a hospital emergency room. Folliard
died from complications from his attempted suicide. 
           Stempson, alleging that she was Folliard’s sister and only heir, sued the City of
Houston, asserting causes of action for wrongful death and survival. The City answered with
a general denial, pleaded that Folliard’s death was proximately caused by the negligence of
Folliard or a third party, and asserted defenses of governmental immunity and protections
provided by the Texas Tort Claims Act.


 
           The City filed a motion for summary judgment in which it asserted that (1) Stempson
was not a wrongful death beneficiary, (2) Stempson could not establish a survival action
because there was no evidence that no administration of the estate was necessary, and (3)
governmental immunity barred Stempson’s recovery. The City attached, as summary
judgment evidence, Stempson’s responses to interrogatories, which listed funeral expenses
of $6,200, but did not state whether those expenses had been paid. Stempson responded to
the motion for summary judgment by contending that the motion was premature according
to the court’s docket-control order, asserting that no administration was pending and none
was necessary, and claiming that Folliard’s injury was caused by a condition or use of
tangible governmental property—the bathroom door, the doorknob, and the bathroom. 
Stempson attached as summary judgment evidence a Harris County Hospital District bill for
Folliard, showing $36,989.81 due, and an unpaid City of Houston Emergency Medical
Services bill for $372.89. Stempson also attached her own affidavit in which she stated in
pertinent part, 
I am the sister of William R. Folliard, III, who died while in defendant’s
custody on April 14, 2000. At the time of my brother’s death, he did not leave
a will, he did not own any real property and had only personal effects. There
are no other brothers or sisters and our parents are both deceased. No
administration of my deceased brother’s estate is pending and none is
necessary. Moreover, there is no personal representative appointed for his
estate. . . .

The affidavit does not make any reference to debts of the deceased. In its reply, the City
argued that the fact that the door, doorknob, and bathroom were used by Folliard in his
suicide attempt did not establish waiver of governmental immunity because there was no
evidence that the property was defective or that it was being used by a government employee. 
The trial court granted the City’s motion. On appeal, Stempson brings three issues
challenging the granting of the summary judgment on the grounds of (1) Stempson’s lack of
capacity; (2) Stempson’s failure to establish her survival action; (3) and the City’s
governmental immunity. In a fourth issue, Stempson contends that the trial court erred in
granting the motion for summary judgment when Stempson asked for a continuance. 
DISCUSSION
Standard of Review
           Summary judgment under rule 166a(c) is proper only when the movant establishes that
there is no genuine issue of material fact and that the movant is entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c); Randall’s Food Mkts., Inc. v. Johnson, 891 S.W.2d
640, 644 (Tex. 1995); Lawson v. B Four Corp., 888 S.W.2d 31, 34 (Tex. App.—Houston [1st
Dist.] 1994, writ denied). In reviewing a summary judgment, we must indulge every
reasonable inference in favor of the nonmovant and resolve any doubts in its favor. Johnson,
891 S.W.2d at 644; Lawson, 888 S.W.2d at 33. We will take all evidence favorable to the
nonmovant as true. Id. As movant, a defendant is entitled to summary judgment if the
evidence disproves as a matter of law at least one element of each of the plaintiff’s causes
of action. Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991); Marchal v. Webb,
859 S.W.2d 408, 412 (Tex. App.—Houston [1st Dist.] 1993, writ denied). 
           We will affirm the summary judgment if any theory advanced in the motion for
summary judgment and preserved on appeal is meritorious. See State Farm Fire & Cas. Co.
v. S.S., 858 S.W.2d 374, 380 (Tex. 1993). 
Capacity
           In her first issue, Stempson complains that the City, in its motion for summary
judgment, challenged her capacity to sue under the survival statute without having asserted
that defense in a sworn pleading as required by rule 93. See Tex. R. Civ. P. 93. 
             The City did not challenge Stempson’s capacity to bring a survival claim. The City
asserted, “In order to recover in a survival claim, [an heir who is not the administrator of the
decedent’s estate] has the burden to prove that no administration of the estate is necessary.
. . . Plaintiff has produced no evidence that no administration of the estate was necessary.” 
The City’s challenge was not to Stempson’s capacity, but to her standing. See Shepherd v.
Ledford, 962 S.W.2d 28, 31 (Tex. 1998) (right of heir to bring survival action is standing
issue). Standing is implicit in subject-matter jurisdiction and cannot be waived. Tex. Ass’n
of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443-44 (Tex. 1993). Rule 93 does not
include standing in its list of pleas to be verified. See Tex. R. Civ. P. 93. Furthermore,
because standing cannot be waived, it may be asserted for the first time on appeal. See Ford
Motor Co. v. Cammack, 999 S.W.2d 1, 5 (Tex. App.—Houston [14th Dist.] 1998, pet.
denied). 
           We overrule Stempson’s first issue. 
Standing
           In her second issue, Stempson contends that she established her survival action by her
affidavit averring that she was the only heir at law of Folliard, that no administration of
Folliard’s estate was necessary, and that no administration was pending. 
           Generally, only personal representatives are entitled to sue to recover estate property. 
Shepherd, 962 S.W.2d at 31. However, an heir may have standing to sue on behalf of the
estate if the heir alleges and proves that there is no administration pending and that no
administration is necessary. Id. at 31-32. An administration of an estate is deemed necessary
if two or more debts exist against the estate. Tex. Prob. Code Ann. § 178(b) (Vernon
1980); see also Stewart v. Hardie, 978 S.W.2d 203, 207 (Tex. App.—Fort Worth 1998, pet.
denied) (determining that administration of estate was necessary because parties stipulated
that estate had debts). 
           In this case, Stempson alleged in her second amended original petition that she was
the sole heir at law of Folliard and that no administration of his estate was pending or
necessary. She attached to her response to the City’s motion for summary judgment an
affidavit that stated, under oath, that she and Folliard had no other brothers or sisters and that
their parents were both deceased. This statement does not prove that Stempson is Folliard’s
only heir. 
           Stempson also stated in the affidavit that no administration of Folliard’s estate was
pending or necessary. No evidence is attached to support this statement, and the affidavit
does not state whether there are any debts of the estate or that all debts have been paid. To
the contrary, Stempson’s summary judgment evidence showed debts to the Harris County
Hospital District of $36.989.81 and to the City of Houston Emergency Medical Service of
$372.89, and responses to interrogatories indicated a debt for funeral expenses for Folliard
of $6,200. Thus, based on Stempson’s own summary judgment evidence in this case, it
appears that an administration of Folliard’s estate was necessary. See Tex. Prob. Code Ann.
§ 178(b). 
           We hold that Stempson did not establish that she was Folliard’s only heir or that no
administration of Folliard’s estate was pending or necessary. Accordingly, we overrule
Stempson’s second issue. Because Stempson had no standing to bring a survival action and
does not challenge the judgment as it relates to her wrongful-death cause of action, we need
not consider Stempson’s third issue, which is based on Stempson’s claim under the Tort
Claims Act. 
Continuance
           In her fourth issue, Stempson contends that the trial court erred in granting the City’s
motion for summary judgment when Stempson asked for a continuance. Stempson requested
a continuance in her response to the City’s motion for summary judgment and, in her
affidavit, stated that she needed “more time to conduct discovery and obtain more affidavits
and other evidence” to supplement her response. The record does not indicate whether
Stempson brought this request to the attention of the trial court, and the record contains no
ruling on the request. Therefore, Stempson has waived any complaint regarding the trial
court’s failure to grant a continuance. See Tex. R. App. P. 33.1. 
           We overrule Stempson’s fourth issue. 
CONCLUSION
           We affirm the judgment.  

                                                                  Sam Nuchia
                                                                  Justice
Panel consists of Chief Justice Radack and Justices Nuchia and Jennings.