Opinion issued March 27, 2003                        







 





In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01151-CV




SLW AVIATION, INC., Appellant

V.

HARRIS COUNTY APPRAISAL DISTRICT 
AND HARRIS COUNTY APPRAISAL REVIEW BOARD, Appellees




On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 1999-50308
 



O P I N I O N

           Appellant, SLW Aviation (SLW), challenges a take-nothing judgment
rendered in its suit for judicial review against the Harris County Appraisal District
(the District) and the Harris County Appraisal Review Board (the Board). We
address whether (1) section 25.25(c)(3) of the Tax Code allows a correction in the
appraisal rolls to take into account interstate allocation for an aircraft owned by SLW;
(2) SLW’s aircraft is entitled to commercial-aircraft allocation under section 21.05
of the Tax Code; and (3) SLW’s remaining challenges are moot. We affirm.
Facts 
          The facts are undisputed. SLW owned an aircraft that was registered at Hobby
Airport and was taxable in Texas. The aircraft was leased to HCC Insurance
Holdings, Inc. (HCC Insurance). The aircraft traveled outside of Texas, but returned
to Texas for repair, storage, inspection, maintenance, and service.
          For tax years 1996, 1997, and 1998, SLW timely rendered


 the aircraft, but did
not submit any information showing that SLW was entitled to allocation


 in
calculating the value of its aircraft. The District appraised the aircraft at its market
value on January 1 of each of the referenced tax years, and SLW timely paid the taxes
for years 1996 and 1997. SLW paid the 1998 taxes shortly after the deadline. 
          For tax year 1999, SLW timely rendered its aircraft and included information
indicating that it wanted to allocate the aircraft’s value. The District allocated the
value of the aircraft under section 21.055 of the Tax Code (business aircraft). SLW
filed a notice of protest, complaining that the aircraft’s value should have been
allocated under section 21.05 of the Tax Code (commercial aircraft). The District and
the Board mailed a notice of hearing for the protest, but SLW did not receive the
notice of hearing. The Board dismissed SLW’s protest for tax year 1999 for failure
to appear.
          On April 30, 1999, SLW filed several motions to correct the appraisal roll
under section 25.25(c)(3), contending that the District had failed to allocate the value
of the aircraft for tax years 1996, 1997, and 1998. The Board denied the motions, and
SLW sought judicial review.
          The parties submitted the case to the trial court, and, after arguments, the trial
court entered a take-nothing judgment in favor of the District and the Board.
Standard of Review
          The case was tried on an agreed statement of facts pursuant to Texas Rule of
Civil Procedure 263. See Tex. R. Civ. P. 263. A case submitted under Rule 263 is
similar to a special verdict; it is a request by the parties for judgment in accordance
with the applicable law. See id.; see also Chiles v. Chubb Lloyds Ins. Co., 858
S.W.2d 633, 634 (Tex. App.—Houston [1st Dist.] 1993, writ denied). There are no
presumptions in favor of the judgment because the trial court had no factual issues
to resolve. Stewart v. Hardie, 978 S.W.2d 203, 206 (Tex. App.—Fort Worth 1998,
pet. denied). The only issue on appeal is whether the trial court correctly applied the
law to the agreed facts. Harris County Appraisal Dist. v. Transamerica Container
Leasing Inc., 920 S.W.2d 678, 680 (Tex. App.—Houston [1st Dist.] 1995, writ
denied). Because the issue is purely a question of law, our review is de novo. 
Stewart v. Hardie, 978 S.W.2d 203, 206 (Tex. App.—Austin 1998, pet. denied).
Interstate Allocation
          In its first issue, SLW contends that it may correct a prior year’s appraisal roll
under section 25.25(c)(3) of the Tax Code to reflect interstate allocation. This Court
has today decided this issue in Harris County Appraisal District v. Texas Gas
Transmission Corp., No. 01-01-01103-CV, slip op. at 21 (Tex. App.—Houston [1st
Dist.] Mar. 13, 2003, no pet. h.), in which we held that the appraisal roll may not be
corrected under section 25.25(c)(3) for interstate allocation. Consequently, we
overrule SLW’s first issue.
 
Commercial Aircraft
          In its second issue, SLW contends that the District and the Board erroneously
determined that the aircraft was a business aircraft under section 21.055, instead of
a commercial aircraft under section 21.05. See Tex. Tax Code Ann. §§ 21.05,
21.055 (Vernon 2001).
          For tax years 1996, 1997, and 1998, SLW filed a rendition without any
information that SLW was entitled to allocation of the value of its aircraft. In Texas
Gas Transmission Corp., No. 01-01-01103-CV, slip op. at 10, this Court today held
that, to be entitled to allocation under the Tax Code, a taxpayer must provide
information showing entitlement to allocation at the time of rendition. SLW did not
do so. Consequently, we hold that SLW’s failure timely to submit allocation
documentation precludes allocation for tax years 1996, 1997, and 1998, under section
21.05 or any other section.
          In contrast, for tax year 1999, SLW timely rendered its aircraft and provided
allocation documentation. The fair market value of the aircraft in tax year 1999 was
$10,065,440. The District allocated the fair market value of the aircraft under section
21.055, governing business aircraft, at an appraised value of $3,970,770. 
          If section 21.05, governing commercial aircraft, applied, the allocated value of
the aircraft would be $74,110. A commercial aircraft is an instrumentality of air
commerce that is:
          (1)     primarily engaged in the transportation of cargo,
passengers, or equipment for others for consideration;
 
          (2)     economically employed when it is moving from point to
point as a means of transportation; and
 
          (3)     operated by a certificated air carrier. A certificated air
carrier is one engaged in interstate or intrastate commerce
under authority of the U.S. Department of Transportation.

Tex. Tax Code Ann. § 21.05(e).

          SLW relies on the parties’ agreement that the aircraft was engaged in interstate
or intrastate commerce under authority of the U.S. Department of Transportation to
argue that the aircraft was a “certified air carrier” and, thus, a commercial aircraft. 
The District contends, however, that it is not the aircraft itself, but the aircraft’s
operator, who must be a “certified air carrier.” We agree with the District.
          The statute clearly requires that the operator be a certificated air carrier. See
id. § 21.05(e)(3). If the Legislature had intended for section 21.05(e)(3)’s
certification requirement to apply only to the aircraft itself, then the statute would
have stated only that the aircraft be one that “is a certified air carrier” and would not
instead have stated that the aircraft be one that “is operated by a certified air carrier”
who is “one engaged in interstate or intrastate commerce.” See id. The San Antonio
Court of Appeals has twice noted that the Legislature intended for section 21.05(e)(3)
to apply when an aircraft’s operator is a certified air carrier, even when the aircraft’s
owner is not. See Fairchild Aircraft, Inc. v. Bexar Appraisal Dist., 47 S.W.3d 577,
582 n.13 (Tex. App.—San Antonio 2001, pet. denied); First Aircraft Leasing, Ltd.
v. Bexar Appraisal Dist., 48 S.W.3d 218, 223 n.14 (Tex. App.—San Antonio 2001,
pet. denied). We agree with the San Antonio court’s recognition that section
21.05(e)(3)’s certification requirement refers to the operator. Section 21.05(e)(3)
simply does not require the aircraft to be certified; rather, it requires the aircraft’s
operator to be certified. See Tex. Tax Code Ann. § 21.05(e)(3). The record did not
show that the aircraft’s operator, HCC Insurance, SLW’s lessee, was a certificated air
carrier. Therefore, we hold that the aircraft was not a commercial aircraft under
section 21.05.
          We overrule SLW’s second issue.
Lack of Notice
          In its third issue, SLW contends that, even if section 25.25(c)(3) does not
apply, SLW is still entitled to allocation for tax year 1999 because SLW never
received notice of the hearing for its chapter 41 protest for tax year 1999. The parties
agreed to address allocation for tax year 1999 on its merits. Because they agreed to
do so, we overrule SLW’s third issue as moot.
 
Substantial Compliance
          The Board overruled SLW’s 25.25(c)(3) motion to correct the 1998 appraisal
roll without a hearing because SLW failed timely to pay its 1998 taxes. In its fourth
issue, SLW contends that it was entitled to have its motion to correct the 1998
appraisal roll heard and determined because SLW had substantially complied with
Tax Code section 42.08


 by paying all of its 1998 taxes and late fees shortly after the
deadline.
          Because we have already held that SLW could not file a motion to correct the
appraisal roll under section 25.25(c)(3), we need not address whether SLW was
entitled to have its section 25.25(c)(3) motion determined because of alleged
substantial compliance with section 42.08.
          We overrule SLW’s fourth issue.
 

Conclusion
          We affirm the trial court’s judgment.
 
 
                                                                        Tim Taft
                                                                        Justice
 
Panel consists of Justices Hedges, Taft, and Jennings.