Opinion issued March 27, 2003 

   











In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00063-CV




HARRIS COUNTY APPRAISAL DISTRICT 
AND HARRIS COUNTY APPRAISAL REVIEW BOARD, Appellants

V.

JW CHARTER, INC., Appellee




On Appeal from the 334th District Court
Harris County, Texas
Trial Court Cause No. 2000-29970
 



MEMORANDUM OPINION

           Appellants, the Harris County Appraisal District (the District) and the Harris
County Appraisal Review Board (the Board), challenge a judgment rendered in favor
of appellee, JW Charter, Inc. (JW Charter), ordering the District to correct the
appraisal rolls to take into account interstate allocation for two aircraft owned by JW
Charter. We address whether (1) a taxpayer must provide the District with
information establishing entitlement to allocation at the time of rendition and (2) a
prior year’s appraisal roll may be corrected under section 25.25(c)(3) of the Tax
Code. We reverse the judgment and render judgment that JW Charter take nothing
by way of its suit.
Facts 
          The facts are undisputed. JW Charter owned two aircraft located in Harris
County, with taxable situs in Texas. JW Charter owned a King Air aircraft that it
leased to Aero Jet, Inc. for one year, beginning March 30, 1993, and month-to-month
thereafter. JW Charter also owned a Cessna Citation aircraft, which it acquired in
March 1995, but did not lease until May 1996, when it leased it to Appollo Aviation,
Inc. (Apollo). Appollo agreed to operate under an agreement with P-K Charter, Inc.,
which holds an Air Carrier Certification issued by the United States Department of
Transportation. JW Charter did not render


 the two aircraft for any of the tax years
in dispute, and it did not provide the District with any information showing its
entitlement to allocation prior to having filed the motions to correct.
          On December 30, 1999, JW Charter timely filed a motion under Tax Code
section 25.25(c)(3), seeking allocation


 to correct an error for tax year 1995. See Tex.
Tax Code Ann. § 25.25(c)(3) (Vernon 2001). On January 2, 2001, JW Charter filed
similar motions seeking allocation for tax years 1996 and 1997. JW Charter sought
the allocation applicable to commercial aircraft under section 21.05 of the Tax Code. 
See id. § 21.05 (Vernon 2001). 
          The Board denied JW Charter’s motion for tax year 1995. The Board refused
to hear evidence on the motion for the tax year 1996 because the motion was not
timely filed and refused to hear evidence on the motion for tax year 1997 because the
1997 taxes were not timely paid.


 
          JW Charter sought judicial review. The parties submitted the case to the trial
court on an agreed statement of facts. The trial court rendered judgment in favor of
JW Charter, ordering the District to reduce the value of the aircraft in the appraisal
rolls from $689,000 to $28,900 for tax year 1995, from $1,425,000 to $45,630 for tax
year 1996, and from $1,493,000 to $74,140 for tax year 1997.
Standard of Review
          The case was tried on an agreed statement of facts pursuant to Texas Rule of
Civil Procedure 263. See Tex. R. Civ. P. 263. A case submitted under Rule 263 is
similar to a special verdict; it is a request by the parties for judgment in accordance
with the applicable law. See id.; see also Chiles v. Chubb Lloyds Ins. Co., 858
S.W.2d 633, 634 (Tex. App.—Houston [1st Dist.] 1993, writ denied). There are no
presumptions in favor of the judgment because the trial court had no factual issues
to resolve. Stewart v. Hardie, 978 S.W.2d 203, 206 (Tex. App.—Fort Worth 1998,
pet. denied). The only issue on appeal is whether the trial court correctly applied the
law to the agreed facts. Harris County Appraisal Dist. v. Transamerica Container
Leasing Inc., 920 S.W.2d 678, 680 (Tex. App.—Houston [1st Dist.] 1995, writ
denied). Because the issue is purely a question of law, our review is de novo. 
Stewart v. Hardie, 978 S.W.2d 203, 206 (Tex. App.—Austin 1998, pet. denied).
Interstate Allocation
          In their first issue, the District and the Board contend that JW Charter had to
show entitlement to interstate allocation for the aircraft at the time of rendition, but
neither rendered the aircraft nor submitted allocation documentation when rendition
was due. In their second issue, the District and the Board contend that, absent such
a showing, JW Charter may not correct a prior year’s appraisal roll under section
25.25(c)(3) of the Tax Code.
A.      Showing Entitlement to Allocation at Time of Rendition
          This Court today decided the first issue in Harris County Appraisal District v.
Texas Gas Transmission Corp., No. 01-01-01103-CV, slip op. at 10 (Tex.
App.—Houston [1st Dist.] Mar. 13, 2003, no pet. h.), in which we held that a
taxpayer must provide information showing entitlement to allocation at the time of
rendition to be entitled to allocation under the Tax Code. Consequently, we sustain
the District and the Board’s first issue.
B.      Correcting Appraisal Roll under Section 25.25(c)(3)
          This Court today decided the second issue in Texas Gas Transmission Corp.,
No. 01-01-01103-CV, slip op. at 21, in which we held that the appraisal roll may not
be corrected for interstate allocation under section 25.25(c)(3). Consequently, we
sustain the District and the Board’s second issue.



Conclusion
          We reverse the judgment of the trial court and render judgment that JW Charter
take nothing by way of its suit.
 
                                                                        Tim Taft
                                                                        Justice
 
Panel consists of Justices Hedges, Taft, and Jennings.