Opinion issued January 22, 2004












In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00911-CV
____________
 
HARRIS COUNTY APPRAISAL DISTRICT, Appellant
 
V.
 
TRANSCONTINENTAL GAS PIPELINE CORP., Appellee
 

 
 
On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2000-10589
 

 
 
MEMORANDUM OPINION
          Appellant, Harris County Appraisal District (HCAD), appeals from the trial
court’s judgment ordering HCAD to correct the tax appraisal rolls for three previous
tax years to take into account interstate allocation for aircraft owned by appellee,
Transcontinental Gas Pipeline Corp. We reverse the trial court’s judgment and
render judgment that Transcontinental take nothing by way of its suit.
Facts
          The parties submitted the case based on stipulated facts. Transcontinental is
a Delaware corporation with its principal place of business in Houston. 
Transcontinental owned various aircraft that it maintained in hangar space at Bush
Intercontinental and Hobby airports. The aircraft had a taxable situs in Texas from
1995-98 but were used nationwide. Transcontinental rendered


 its airplanes for
taxation for tax years 1995-98. HCAD appraised the aircraft without allocating value
for use outside the state of Texas.


 Initially, Transcontinental did not request
allocation of the value of the aircraft, but later timely filed motions pursuant to Tax
Code section 25.25(c)(3) to amend the appraisal rolls for tax years 1995 through 1998
to include an allocation offset. See Tex. Tax Code Ann. § 25.25(c)(3) (Vernon
2002). After the appraisal review board denied the motions, Transcontinental sought
judicial review in the district court. Following a bench trial held upon an agreed
statement of facts, the trial court rendered judgment in favor of Transcontinental and
ordered HCAD to amend the appraisal rolls from tax years 1995 through 1997 to take
into account non-Texas use in appraising the value of Transcontinental’s aircraft. 
The trial court denied relief for tax year 1998.
Correction of Appraisal Rolls
          In its sole point of error, HCAD argues that the trial court erred in rendering
judgment for Transcontinental and ordering that the 1995-97 appraisal rolls be
corrected to reflect interstate allocation for Transcontinental’s aircraft. 
          Standard of Review
          The case was tried pursuant to Texas Rule of Civil Procedure 263. See Tex.
R. Civ. P. 263. A case submitted under rule 263, like a special verdict, is a request
by the parties for judgment in accordance with the applicable law. See Chiles v.
Chubb Lloyds Ins. Co., 858 S.W.2d 633, 634 (Tex. App.—Houston [1st Dist.] 1993,
writ denied). There are no presumed findings in favor of the judgment because the
trial court had no factual issues to resolve. See Stewart v. Hardie, 978 S.W.2d 203,
206 (Tex. App.—Fort Worth 1998, pet. denied). The only issue on appeal is whether
the trial court correctly applied the law to the agreed facts. Harris County Appraisal
Dist. v. Transamerica Container Leasing Inc., 920 S.W.2d 678, 680 (Tex.
App.—Houston [1st Dist.] 1995, writ denied). Because the issue is purely a question
of law, our review is de novo. Stewart, 978 S.W.2d at 206.
          Controlling Case Law
          This Court recently held that a prior year’s appraisal roll could not be corrected
pursuant to section 25.25(c)(3) to reflect previously unrequested interstate allocation
of property. Harris County Appraisal Dist. v. Tex. Gas Transmission Corp., 105
S.W.3d 88, 98-99 (Tex. App.—Houston [1st Dist.] 2003, pet. filed). In its brief,
Transcontinental asks that we reconsider arguments addressed in previous opinions
that (1) Tax Code section 21.03 was not declared constitutional by the Texas Supreme
Court until 1998; (2) we relied on inapplicable cases; (3) the Legislative history of
section 25.25(c)(3) and the fact that the Legislature did not overrule our holding in
Himont U.S.A. Inc. v. Harris County Appraisal District, 904 S.W.2d 740, 744 (Tex.
App.—Houston [1st Dist.] 1995, no writ)


 by statutory amendment show a legislative
intent contrary to Texas Gas Transmission; (4)we should rely on an Attorney
General’s opinion that discussed Himont’s now-overruled holding; and (5) several
policy and fairness arguments support its interpretation of section 25.25(c)(3). Each
of these arguments has been explicitly rejected by this Court. See Harris County
Appraisal Dist. v. Panhandle Eastern Pipeline Co., No. 01-02-00282-CV (Tex.
App.—Houston [1st Dist.] Jan. 8, 2004, no pet. h.); Harris County Appraisal Dist. v.
Trunkline Gas Co., No. 01-02-00289-CV (Tex. App.—Houston [1st Dist.] Jan. 8,
2004, no pet. h.). Accordingly, for the reasons set out in Texas Gas Transmission and
its progeny, we sustain HCAD’s sole point of error.
          We reverse the judgment of the trial court and render judgment that
Transcontinental take nothing by way of its suit.
 
 
                                                             Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Taft, Keyes, and Bland.