Opinion issued January 29, 2004






















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-01252-CV
____________
 
HARRIS COUNTY APPRAISAL DISTRICT AND
HARRIS COUNTY APPRAISAL REVIEW BOARD, Appellants
 
V.
 
LIAMAJ AVIATION, INC., Appellee
 

 
 
On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2001-07226
 

 
 
MEMORANDUM OPINION
          Appellants, Harris County Appraisal District (“HCAD”) and Harris County
Appraisal Review Board (“HCARB”), challenge a judgment, rendered upon an agreed
statement of facts, ordering that HCAD and HCARB correct the 1996 appraisal roll
to take into account interstate allocation for an airplane owned by appellee, Liamaj
Aviation, Inc. (“Liamaj”). We reverse the trial court’s judgment and render judgment
that Liamaj take nothing.
Facts
          Liamaj is a Texas Corporation with its principal place of business in Houston. 
During 1995, Liamaj owned a 1988 Gulfstream G-IV airplane, identified by tail
number 121JJ, and maintained it in hangar space at George Bush Intercontinental
Airport. The airplane had a taxable situs in Texas, but was operated inside and
outside of Texas.
          When Liamaj rendered


 its airplane for taxation for tax year 1996, HCAD
appraised the airplane without allocating


 value for use of the airplane outside the
state of Texas. Liamaj did not protest the 1996 appraised value of its airplane.
          On November 30, 2000, Liamaj filed a motion with HCARB requesting that
it correct the 1996 appraisal roll for the airplane pursuant to the Tax Code. See Tex.
Tax Code Ann. § 25.25(c)(3) (Vernon 2002). However, HCARB denied Liamaj’s
motion, and Liamaj sought judicial review in the district court.
          Following a bench trial held upon an agreed statement of facts, the trial court
rendered judgment in favor of Liamaj and ordered HCAD and HCARB to correct the
1996 appraisal roll to take into account interstate allocation in the value of Liamaj’s
airplane.
Standard of Review
          The case was tried pursuant to Texas Rule of Civil Procedure 263. See Tex.
R. Civ. P. 263. A case submitted under rule 263, like a special verdict, is a request
by the parties for judgment in accordance with the applicable law. See Chiles v.
Chubb Lloyds Ins. Co., 858 S.W.2d 633, 634 (Tex. App.—Houston [1st Dist.] 1993,
writ denied). There are no presumed findings in favor of the judgment because the
trial court had no factual issues to resolve. See Stewart v. Hardie, 978 S.W.2d 203,
206 (Tex. App.—Fort Worth 1998, pet. denied). The only issue on appeal is whether
the trial court correctly applied the law to the agreed facts. Harris County Appraisal
Dist. v. Transamerica Container Leasing Inc., 920 S.W.2d 678, 680 (Tex.
App.—Houston [1st Dist.] 1995, writ denied). Because the issue is purely a question
of law, our review is de novo. Stewart, 978 S.W.2d at 206.
Tax Code Section 25.25(c)(3)In their sole point of error, HCAD and HCARB argue that the trial court erred
in rendering judgment for Liamaj and ordering that the 1996 appraisal roll be
corrected to reflect interstate allocation for Liamaj’s aircraft. We agree.
          This Court recently held that a prior year’s appraisal roll could not be corrected
pursuant to section 25.25(c)(3) to reflect previously unrequested interstate allocation
of property. Harris County Appraisal Dist. v. Tex. Gas Transmission Corp., 105
S.W.3d 88, 98-99 (Tex. App.—Houston [1st Dist.] 2003, pet. filed). Accordingly, for
the reasons stated in Texas Gas Transmission, we hold that the trial court erred in
rendering judgment for Liamaj and ordering that the 1996 appraisal roll be corrected
to reflect interstate allocation for Liamaj’s aircraft.
          We sustain HCAD’s and HCARB’s sole point of error.

Conclusion
          We reverse the judgment of the trial court and render judgment that Liamaj take
nothing.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Chief Justice Radack and Justices Jennings and Higley.