**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4390
_____

MARGARET JOHNSON, AS ADMINISTRATRIX
OF THE ESTATE OF CHAD A. JOHNSON,
                                                    Appellant

v.

H.J. MARBERRY, WARDEN; THOMAS WEBSTER, MD;
CHRISTOPHER MCCOY, RN; UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:10-cv-05324)
District Judge:  Honorable Legrome D. Davis
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 17, 2013

Before:  SMITH, CHAGARES and SHWARTZ, Circuit Judges

(Opinion filed: December 16, 2013)
_____

OPINION
_____

PER CURIAM

        Margaret Johnson appeals pro se from the order of the United States District Court for

the Eastern District of Pennsylvania granting the defendants' motion for summary judgment.

For the reasons that follow, we will dismiss the appeal in part and affirm in part.

1

Johnson, who resides in Philadelphia, is the mother of deceased federal prisoner Chad A. Johnson ("Decedent"). In 2008, Decedent collapsed and died while incarcerated at the Federal Correctional Complex in Terre Haute, Indiana ("FCC Terre Haute"). The autopsy report concluded that the cause of death was "[e]xertional sickle [cell] trait death," and that the "manner of death" was "natural."

In 2010, Johnson, purporting to act as the administratrix of Decedent's estate, filed a pro se wrongful death complaint in the District Court. Johnson subsequently filed an amended complaint and, later, a second amended complaint. The second amended complaint named the following defendants: the United States of America, H.J. Marberry, Thomas Webster, M.D., and Christopher McCoy, R.N. (hereinafter collectively referred to as "Appellees"). At the time of Decedent's death, Marberry was FCC Terre Haute's warden, Webster was that facility's clinical director, and McCoy was a nurse there.

Appellees ultimately moved for summary judgment. On November 7, 2012, the District Court granted that motion and closed the case. In doing so, the court construed Johnson's second amended complaint as raising (1) negligence claims against the United States under the Federal Tort Claims Act ("FTCA"), and (2) Eighth Amendment claims against the three prison officials pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). With respect to the FTCA claims, the court concluded that it "cannot find that the BOP [(Bureau of Prisons)] maintained negligent policies and procedures, nor can we find a clear or obvious link between the BOP's procedures and [Decedent's] death." (Appellees' Supp. App. at 9.) The court emphasized that Johnson had failed to present any

2

expert testimony, instead "rel[ying] solely on her own conclusory and speculative assertions, which are not sufficient to make out a prima facie case of negligence at this stage." (Id.) As for Johnson's Eighth Amendment claims, the District Court concluded that the three prison officials were entitled to qualified immunity and that the claims otherwise failed on the merits. The court noted that Johnson "cannot name any involvement that McCoy, Webster, or Marberry had in [Decedent's] death, and [Johnson] does not have any information to suggest that these individuals knew that [Decedent] had Sickle Cell Trait or heart problems." (Id. at 13.)

Johnson now seeks review of the District Court's judgment.

## II.

It appears from Johnson's second amended complaint that she sought relief not only on behalf of Decedent's estate, but also on behalf of herself, Decedent's children (who, according to Johnson, are Decedent's heirs), and "all persons entitled by law to recover damages for the death of [Decedent]." (Id. at 47; see id. at 43, 46-48.) To the extent that Johnson, who is not an attorney, continues to pursue all of that relief in this pro se appeal, she may not do so. Rather, she may proceed only with respect to the relief that she seeks on her own behalf. See 28 U.S.C. § 1654 (providing that a party may proceed in federal court "personally or by counsel"); see also Malone v. Nielson, 474 F.3d 934, 937 (7th Cir. 2007) (per curiam) (holding that a non-attorney administrator of an estate may not proceed pro se if the estate has other beneficiaries); Jones v. Corr. Med. Servs., Inc., 401 F.3d 950, 951-52 (8th Cir. 2005) (same) (collecting cases); cf. Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 883 (3d Cir. 1991) (holding that the appellant, a non-attorney proceeding pro se, could not represent his children

3

in federal court). Accordingly, we will dismiss this appeal to the extent that it seeks relief on behalf of anyone other than Johnson herself.[1]

As for the surviving portion of this appeal, we have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo the District Court's grant of summary judgment. See Schmidt v. Creedon, 639 F.3d 587, 594-95 (3d Cir. 2011). We may affirm the District Court's judgment on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

To the extent that Johnson indeed sought relief on her own behalf, she had to demonstrate that she had standing to do so. To satisfy Article III's standing requirement, a plaintiff must show, inter alia, that she has suffered an injury that is "legally and judicially cognizable." Raines v. Byrd, 521 U.S. 811, 819 (1997). At the summary judgment stage, "the plaintiff cannot rely on mere allegations [of standing] but must set forth by affidavit or other evidence specific facts demonstrating that [Article III's standing] requirements have been met." Freeman v. Corzine, 629 F.3d 146, 153 (3d Cir. 2010). Here, Johnson has not highlighted anything in the summary judgment record that would indicate that she herself suffered a legally and judicially cognizable injury. Even if she *had* made this showing, we would conclude that, for substantially the reasons provided by the District Court, the court's grant of summary judgment in favor of Appellees was nevertheless appropriate. Accordingly, we need not disturb the District Court's judgment.

In light of the above, we will dismiss this appeal in part and affirm in part.

---

[1] In light of this disposition, we need not consider Appellees' argument that Johnson lacked standing to seek relief on behalf of Decedent's estate.

4