# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 25, 2015

Lyle W. Cayce
Clerk

No. 14-41204
Summary Calendar

SHELLY D. SMITH,

      Plaintiff–Appellant,

v.

BANK OF AMERICA, N.A.; DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for First Franklin Mortgage Loan Trust 2006-FF7,
Mortgage Pass Through Certificates, Series 2006-FF7,

      Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CV-724

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Following efforts to foreclose on her property, Shelly D. Smith sued Bank of America, N.A. and Deutsche Bank National Trust Company (collectively, the Bank). The district court dismissed several of Smith's asserted causes of action

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41204

for failure to state a claim and granted summary judgment for the Bank on the remaining claims.  We affirm.

**I**

In January 2006, Smith purchased a property and executed a promissory note payable to NationPoint, secured by a deed of trust.  Soon thereafter, HSBC Bank, N.A., acquired the mortgage.  In May of 2006, HSBC transferred the mortgage to First Franklin Mortgage Loan Trust 2006-FF7 (the Trust).  National City Home Loan Services, Inc., served as the Trust's mortgage servicer.  Deutsche Bank National Trust Company served as the trustee.  On December 30, 2006, NationPoint and National City, now known as Home Loan Services, Inc. (HLSI), became subsidiaries of Bank of America.

On January 26, 2007, the Trust filed an SEC Form 15.  This form is titled "Certification and Notice of Termination of Registration Under Section 12(g) of the Securities Exchange Act of 1934."[1]  Smith contends that when the Trust filed its final Form 10-K, on or about June 8, 2008, the Trust dissolved and all of its assets were distributed to the Trust's certificate holders.

In 2008, Smith began to default on her mortgage.  On June 12, 2009, Smith received a letter from a law firm retained by HLSI, as mortgage servicer for the Trust, attempting to accelerate the note.  On December 10, 2009, the law firm sent Smith a notice of a foreclosure sale pursuant to the deed of trust.  On March 7, 2012, Deutsche Bank National Trust Company appointed a substitute trustee to the deed of trust.

Smith filed suit against Bank of America in Texas state court in November 2012.  Bank of America removed the case to federal district court, and Smith filed an amended complaint adding Deutsche Bank National Trust Company, in its capacity as the Trust's trustee, as a party.  The amended

---

[1] *See* 17 C.F. R. § 249.323(a).

No. 14-41204

complaint brought claims for, *inter alia*, negligent misrepresentation and violations of the Texas Debt Collection Act[2] (TDCA). The district court referred the case to the magistrate judge.

The Bank filed a motion for judgment on the pleadings under Rule 12(c), which the magistrate construed as a Rule 12(b)(6) motion to dismiss for failure to state a claim, as well as a motion for summary judgment. The magistrate issued a recommendation and report concluding that Smith's TDCA claim could not withstand a motion to dismiss. The magistrate also concluded the Bank was entitled to summary judgment on the negligent misrepresentation claim. The district court entered an order in complete agreement with the magistrate's report and recommendations, making no comment on the merits. Smith appeals.

## II

"The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)."[3] "We review de novo a district court's grant or denial of a Rule 12(b)(6) motion to dismiss, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."[4] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[5] Mere legal conclusions, without supporting factual allegations, are insufficient to withstand a motion to dismiss.[6]

---

[2] TEX. FIN. CODE §§ 392.001-.404.

[3] *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002)).

[4] *Hines v. Alldredge*, 783 F.3d 197, 200-01 (5th Cir. 2015) (internal quotation marks omitted) (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[6] *Id.* at 679.

No. 14-41204

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party.[7] Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8]

We review a district court's decision to exclude an untimely designated expert witness for abuse of discretion.[9]

## III

Smith first argues that the district court erred in dismissing her TDCA claim under Rule 12(b)(6). She contends that the district court failed to address all of the TDCA provisions that she listed in her complaint.

The portion of Smith's complaint addressing the TDCA begins by quoting Texas Finance Code § 392.301(a)(8), which prohibits "threatening to take an action prohibited by law." She then alleges that the Bank lacked the "legal ability to foreclose" because the Trust was defunct—only the Trust's former certificate holders had authority to do so. Alternatively, she alleges that the Bank attempted to foreclose by issuing notice on December 10, 2009 before a substitute trustee was appointed. Smith concludes by stating that these actions violated sections 392.303 and 392.304 of the Finance Code.

The magistrate's report and recommendation, adopted by the district court without comment on the merits, does not mention §§ 392.303 and 392.304. Rather, the report only expressly concludes that Smith failed to state a claim under § 392.301(a)(8). Smith does not appeal the dismissal of her claim under § 392.301(a)(8).

---

[7] *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (citing *Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 433 (5th Cir. 2013)).

[8] FED. R. CIV. P. 56(a).

[9] *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 168 (5th Cir. 2010) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)).

No. 14-41204

The Bank argues that Smith has failed to state a claim under §§ 392.303 and 392.304 because her citations to these sections are mere legal conclusions. The Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the "*factual* allegations" in the complaint.[10]  A complaint need not cite a specific statutory provision or articulate a perfect "statement of the legal theory supporting the claim asserted."[11]  Accordingly, the Bank's 12(b)(6) motion turns on the facts Smith alleged in connection with her TDCA claim, not her citations to the statutory provisions.  Because we may affirm a Rule 12(b)(6) dismissal on any grounds supported by the record,[12] we turn to Smith's factual allegations.

Smith's first factual allegation is that the Trust lacked the legal ability to foreclose because it had been dissolved.  When addressing Smith's negligent misrepresentation claim on summary judgment, the district court held that Smith failed to create a fact issue as to the existence of the Trust.  Smith raises this issue on appeal, and we agree with the district court, *infra*, that Smith has not created a fact issue as to the existence of the Trust.  Accordingly, Smith's TDCA claims based on the dissolution of the Trust are moot; even if these claims would have "survived the motion to dismiss," they "would have failed on the merits."[13]

The only other facts that Smith pled in conjunction with her TDCA

---

[10] *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014) (per curiam) (citations omitted).

[11] *See id.* at 346-47 (holding that a plaintiff need not cite 42 U.S.C. § 1983 in a complaint to survive a motion to dismiss).

[12] *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006) (citing *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005)).

[13] *See U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 442-43 (5th Cir. 2014) (holding that a challenge to a motion to dismiss was moot when a district judge made findings of fact contrary to the factual allegations made in the complaint following a bench trial).

No. 14-41204

claims relate to the timing of the substitute trustee's appointment relative to the foreclosure notice. We turn to the specific TDCA provisions that Smith alleges were violated.

Section 392.303 prohibits a debt collector from using "unfair or unconscionable means" by employing three specific practices.[14] Smith pled no facts relating to these three prohibited practices. She has failed to state a claim under § 392.303.

Section 392.304 addresses certain "fraudulent, deceptive, or misleading" representations.[15] Smith relies on §§ 392.304(a)(8) and 392.304(a)(19).

Subsection 392.304(a)(8) prohibits "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." This court recently held that to violate § 392.304(a)(8) "the debt collector must have made an *affirmative statement* that was false or misleading."[16] Smith does not allege that any false or misleading statements were made in connection with the untimely appointment of the substitute trustee. She has failed to state a claim under § 392.304(a)(8).

---

[14] TEX. FIN. CODE § 392.303(a). This provision prohibits:

(1) seeking or obtaining a written statement or acknowledgment in any form that specifies that a consumer's obligation is one incurred for necessaries of life if the obligation was not incurred for those necessaries;

(2) collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer; or

(3) collecting or attempting to collect an obligation under a check, draft, debit payment, or credit card payment [under certain circumstances.]

[15] *Id.* § 392.304(a).

[16] *Thompson v. Bank of Am., N.A.*, 783 F.3d 1022, 1026 (5th Cir. 2014) (footnote omitted).

No. 14-41204

Subsection 392.304(a)(19) is a "catchall" provision that prohibits "using any other false representation or deceptive means to collect a debt."[17] Smith has not alleged any actionable misrepresentations, so her claim under this subsection turns on the "deceptive means" clause. Although the failure to timely appoint a substitute trustee may, in some cases, invalidate a sale under a deed of trust,[18] Smith's complaint does not indicate, explicitly or implicitly, that the untimely appointment of the substitute trustee was "deceptive." Smith has also failed to state a claim under § 392.304(a)(19).

## IV

Smith's negligent misrepresentation claim failed on summary judgment. Under Texas law, a negligent representation claim has the following elements:

> (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.[19]

The district court concluded that Smith had failed to create a fact issue as to whether the Bank provided false information and alternatively, that this claim was barred by the economic loss doctrine. Smith argues that the district court erred by excluding certain evidence that creates a fact issue. We disagree.

---

[17] TEX. FIN. CODE § 392.304(a)(19); *see Thompson*, 783 F.3d at 1026.

[18] *Cf. Hous. First Am. Sav. v. Musick*, 650 S.W.2d 764, 768-69 (Tex. 1983) (jury finding that substitute trustee was not appointed until after June 17 meant that notice of sale could not have been given at least twenty-one days before the July 3 sale, as Texas law requires, such that the sale was invalid).

[19] *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

No. 14-41204

## A

Smith submitted the affidavit of Teri L. Petit, a "Certified Forensic Loan Auditor," who opined that the Trust terminated and dissolved on June 9, 2008. Pursuant to Rule 26(a)(2),[20] the magistrate set June 27, 2013 as the deadline for disclosure of Smith's expert testimony. Although Petit's affidavit is dated March 15, 2012, it was not filed until over a month after the deadline, on July 31, 2013. The magistrate concluded that the untimely expert affidavit was not competent summary judgment evidence.

We must defer to the discretion of a trial court and cannot disturb its "decision to exclude evidence as a means of enforcing a pretrial order . . . absent a clear abuse of discretion."[21] We review the trial court's decision to exclude improperly designated experts by considering four factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."[22]

Smith fails to provide a satisfactory explanation for her late disclosure. Petit's affidavit was dated more than fifteen months before the deadline, which makes any explanation for her delayed filing dubious at the outset. Smith points out that she met a different deadline—the deadline for pretrial disclosures under Rule 26(a)(3)—and notes that courts have significant discretion in deciding discovery-related matters. This appears more a plea for mercy than a frank explanation of what went wrong. Assuming *arguendo* that

---

[20] *See* FED. R. CIV. P. 26(a)(2)(D) (providing that the district court can set the deadline for disclosure of experts via an order).

[21] *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (citing *Davis v. Duplantis*, 448 F.2d 918, 921 (5th Cir. 1971)).

[22] *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman*, 893 F.2d at 791).

Smith has tacitly explained that she confused the deadlines in Rules 26(a)(2) and 26(a)(3), we have held that an ordinary administrative error, such as a scheduling mistake, is not a "satisfactory explanation."[23]

Smith does not directly address the importance of Petit's testimony.  We have looked to whether an expert's testimony is "essential" to establishing part of a plaintiff's case.[24]  Here, Smith sought and received an extension of the discovery deadline to "depose a corporate representative . . . to determine whether the trust at issue is still in existence."  This effort to obtain lay testimony on the issue indicates that expert testimony was not essential to proving that the Trust had dissolved.

In contrast, it appears that allowing Petit's testimony would not have prejudiced the Bank.  The Bank never asserted that the late designation caused it any harm; it simply argued that the designation was untimely.[25]  Furthermore, the Bank quickly dispatched with the substance of Petit's testimony by labeling it conclusory.[26]

The final factor addresses whether "a continuance may have cured such prejudice."[27]  Because the Bank suffered little to no prejudice, this factor carries little weight here.

"We will not lightly disturb a court's enforcement of [these] deadlines . . . ."[28]  The first and second factors weigh against Smith, so the

---

[23] *Geiserman*, 893 F.2d at 791.

[24] *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 707-08 (5th Cir. 2007) (noting that expert testimony was essential to proving damages).

[25] *See Betzel*, 480 F.3d at 708 (examining the defendant's "list of grievances" to determine whether the defendant was actually prejudiced).

[26] *Id.* (noting that there was no prejudice when the defendant responded to the plaintiff's untimely designated expert in four sentences of its motion for summary judgment).

[27] *Hamburger*, 361 F.3d at 883.

[28] *Geiserman*, 893 F.2d at 792.

No. 14-41204

district court did not abuse its discretion by excluding Petit's affidavit. This is the only evidence that Smith points to on appeal to prove the Trust was dissolved, so she has failed to create a fact issue as to the existence of the Trust. Accordingly, no reasonable jury could conclude that the Bank provided false information about the existence of the Trust.

**B**

Smith also challenges the district court's exclusion of declarations from Bank of America employees. Smith argues that the district court excluded these declarations because they are irrelevant. However, the district court considered the declarations without excluding them.

The employee declarations appear to be from multidistrict litigation, consolidated in the District of Massachusetts, relating to homeowners' attempts to modify their mortgages.[29] Because the declarations alleged that Bank of America deceived borrowers attempting to modify their loans whereas Smith's suit did not challenge the modification process, the district court concluded that the declarations did not create a fact issue.

Smith argues that the district court read the declarations too narrowly. She contends that the declarations addressed "loan servicing" in addition to loan modifications. Indeed, Theresa Terrelonge, a former Bank of America employee, described her position as a "loan level servicing representative." But all of the misconduct alleged in Terrelonge's declaration related to homeowners' efforts to modify their mortgages, not misconduct elsewhere in the loan servicing process. The other declarations follow suit. Accordingly, the employee declarations do not create a fact issue as to whether Smith received false information from the Bank.

---

[29] *See* 12 U.S.C. § 5219a.

10

No. 14-41204

## C

In sum, Smith's negligent representation claim fails because she cannot create a fact issue as to whether the Bank supplied her with false information. Because we affirm on this ground, we do not reach the question of whether the economic loss doctrine also bars Smith's negligent misrepresentation claim.

\*    \*    \*

For the foregoing reasons, we AFFIRM the judgment of the district court.

11