# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10402

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2016

CHAZ Z. RODGERS, Individually,

Lyle W. Cayce
Clerk

Plaintiff–Appellant,

versus

LANCASTER POLICE & FIRE DEPARTMENT;
METHODIST DALLAS MEDICAL CENTER; JAMES SKACH, Officer;
BRIAN DORSEY, Supervisor; M. ADAMS;
JEREMY STUCKEY, EMT-P #3082; DANIEL BUFE, EMT-P #3165;
DAVID P. BRYANT, D.O. Physician;
ABI M. FINBERG-PROVINCE, Registered Nurse; MICHAEL ADAMS;
JAMES GRIMES; BRYAN DORSEY; DEVON O. CANDLER,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Chaz Rodgers's son, Anthony Hudson, died from a gunshot wound. Rodgers sought to hold the Lancaster police and fire departments, law-enforcement officers, and a hospital and its medical personnel liable. Without benefit of the *res nova* determination that we now make, the district court

No. 14-10402

dismissed without prejudice. We reverse and remand.

## I.

Hudson was leaving a party when Devon Candler drove by and began shooting. Lancaster Police Department ("LPD") dispatched officers, who discovered Hudson lying unresponsive in the street with an apparent gunshot wound. Lancaster Fire Department ("LFD") dispatched emergency medical technicians ("EMTs"), who assisted Hudson and transported him to Methodist Dallas Hospital ("MDH"), where medical personnel pronounced him dead.

Rodgers, proceeding *pro se* and *in forma pauperis*, sued Candler, LPD, LFD, MDH, the responding officers and EMTs, and the nurses and doctors at MDH. She claimed the officers failed properly to respond to the scene and investigate the crime; the EMTs failed to treat Hudson appropriately and to transport him timely to a hospital capable of rendering adequate services; MDH and its medical personnel provided him with negligent medical treatment; and, finally, Candler negligently operated the firearm that killed him. Rodgers also alleged defendants' intentional misconduct and an agreement between them to deprive Hudson of his constitutional rights. By construing her allegations liberally,[1] we glean that Rodgers asserted claims under federal civil-rights laws and Texas's survival and wrongful-death statutes.[2]

---

[1] Rodgers averred, "I intend to prove Civil Rights Violations . . . and action of bias racial profiling [sic], discrimination, gross negligence's [sic], . . . [and] intentional misconduct." We construe her pleadings liberally because she is proceeding *pro se. Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam).

[2] "[N]o heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim." *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014) (per curiam). "A complaint need not cite a specific statutory provision or articulate a perfect 'statement of the legal theory supporting the claim asserted.'" *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 & n.11 (5th Cir. 2015) (per curiam) (citing *Johnson*, 135 S. Ct. at 346–47).

No. 14-10402

Because she proceeded *in forma pauperis*, Rodgers's complaint was subject to judicial screening and possible *sua sponte* dismissal before service of process.[3] During screening, the district court *sua sponte* dismissed the survival action without prejudice:  Rodgers had failed to plead facts upon which relief could be granted because, as a non-lawyer, she could not sue *pro se* on behalf of the estate.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The court then dismissed the wrongful-death claims for want of subject-matter jurisdiction, reasoning that they arose under state law, and there was no diversity.  The court did not consider whether Rodgers also stated a claim for relief under any federal civil-rights laws, such as 42 U.S.C. §§ 1983[4] and 1985.[5]  Rodgers appeals *pro se*.

## II.

We first address the dismissal of the wrongful-death claims because it implicates subject-matter jurisdiction.[6]  That dismissal is reviewed *de novo*.

---

[3] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (ii) fails to state a claim on which relief may be granted . . . ."  28 U.S.C. § 1915(e).

[4] "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."  42 U.S.C. § 1983.

[5] "If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws . . . [and] if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."  42 U.S.C. § 1985.

[6] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (noting that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case"); *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004) ("[F]ederal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte, even on appeal.").

No. 14-10402

*Wagner v. United States*, 545 F.3d 298, 300 (5th Cir. 2008) (citation omitted). We reverse, because, although she appeared to assert only a wrongful-death claim, Rodgers pleaded a claim under the federal civil-rights laws, so there is federal-question jurisdiction.[7]

Texas's wrongful-death statute provides, "A person is liable for damages arising from an injury that causes an individual's death if the injury was caused by the person's or his agent's or servant's wrongful act, neglect, care-lessness, unskillfulness, or default." TEX. CIV. PRAC. & REM. CODE § 71.002(b). "An action to recover damages as provided by this subchapter is for the exclu-sive benefit of the surviving spouse, children, and parents of the deceased." *Id.* § 71.004(b). For Rodgers, "Texas wrongful death law provides . . . the right to recover for her son's wrongful death and she can recover for injury to herself caused by her son's death." *Rhyne v. Henderson Cty.*, 973 F.2d 386, 391 (5th Cir. 1992).

A plaintiff suing under the state statute in federal court generally would need to satisfy the requirements of 28 U.S.C. § 1367(a) for supplemental juris-diction or the requirements of 28 U.S.C. § 1332(a) for diversity. Federal civil-rights laws extend federal-question jurisdiction, however, by incorporating state wrongful-death statutes. *See Rhyne*, 973 F.2d at 391; 42 U.S.C. § 1988(a). Thus, an individual may bring a claim under federal civil-rights laws through Texas's wrongful-death statute.[8]

---

[7] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[8] *See Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004) (citing *Rhyne*, 973 F.2d at 390–91; *Brazier v. Cherry*, 293 F.2d 401, 409 (5th Cir. 1961)) ("Standing under the Civil Rights Statutes is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in administration of civil rights suits. Therefore, a party must have standing under the state wrongful death or survival statutes to bring a claim under 42 U.S.C. §§ 1981, 1983, and 1988." (citations omitted)); *Grandstaff v. City of Borger, Tex.*, 767 F.2d 161, 172 (5th Cir. 1985).

No. 14-10402

In *Brazier*, for example, we held that § 1988 incorporated Georgia's wrongful-death statute, thereby conferring federal-question jurisdiction over a widow's claims that officers had killed her husband. *See Brazier,* 293 F.2d at 402, 407–09. Similarly, in *Grandstaff*, the Texas wrongful-death statute allowed a father to assert § 1983 claims based on his son's wrongful death. *See Grandstaff*, 767 F.2d at 167, 172.[9] Then, in *Rhyne*, we allowed a prisoner's mother to sue the county and its sheriff for failing to provide reasonable medical care in violation of § 1983. *See Rhyne*, 973 F.2d at 388. Specifically, after noting her capacity to sue under Texas's wrongful-death statute, we concluded that "our decisions allow recovery by Rhyne for her injury caused by the state's deprivation of her son's constitutionally secured liberty interests." *Id.* at 391.

> Under *Brazier* and *Grandstaff*, Rhyne has standing to recover for her own injuries arising out of the wrongful death of her son . . . . Both *Brazier* and *Grandstaff* hold that § 1988 incorporates [the Texas] wrongful death remedy into § 1983, allowing Rhyne to recover under § 1983 for her own injuries resulting from the deprivation of her son's constitutional rights.

*Id.*

It follows that a litigant such as Rodgers may sue under §§ 1983 and 1985 for injuries to another, because § 1988 incorporates wrongful-death statutes. Rodgers alleged in her complaint, "I intend to prove Civil Rights Violations . . . and action of bias racial profiling [sic], discrimination, gross negligence's [*sic*], . . . [and] intentional misconduct." Construing her pleadings liberally, we understand Rodgers to allege that she suffered injuries from violations of Hudson's rights under §§ 1983 and 1985. Rodgers may sue for her personal

---

[9] *See also Grandstaff*, 767 F.2d at 173 n.* (Garwood, J., dissenting) ("Section 1983 recovery is limited to 'the party injured,' the 'citizen' whose federal rights have been invaded. However, in [*Brazier*] we relied on 42 U.S.C. § 1988 as authority to look to state survival and wrongful death statutes in section 1983 actions because 'in a very real sense' this 'does not do more than create an effective remedy' and 'merely assures that there will be a remedy.' (quoting *Brazier*, 293 F.2d at 409)).

No. 14-10402

injuries resulting from those alleged violations, because § 1988 incorporates the wrongful-death statute, under which Rodgers has capacity to sue as Hudson's surviving parent. *See* TEX. CIV. PRAC. & REM. CODE §§ 71.002(b), 71.004(b). Rodgers's claims did not arise solely under state law; at least some stem from the federal civil-rights laws. Accordingly, there was federal-question jurisdiction, and the claims should not have been dismissed.

III.

Texas provides for survival actions: "A personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person. The action survives against the liable person and the person's legal representatives." TEX. CIV. PRAC. & REM. CODE § 71.021(b).[10] That is, "The Survival Statute provides that only a personal representative, administrator, or heir may sue on behalf of an estate." *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998). "[A] decedent's estate is not a legal entity and may not properly sue or be sued as such . . . . [T]he law therefore grants another party the capacity to sue on their behalf." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005) (quotation marks and citations omitted).

Rodgers's survival action raises two interrelated issues. We must determine whether a *pro se* litigant may ever represent an estate in a survival action—an issue of first impression in this circuit. If so, there is the question whether Rodgers established her capacity to sue under Texas's survival statute.

---

[10] Section 1988 incorporates the Texas survival statute, so federal-question jurisdiction extends to Rodgers's survival action as well. *Rhyne*, 973 F.2d at 390 ("This court held that 42 U.S.C. § 1988 incorporated both [the state's] survival statute and [the] wrongful death statute to provide full remedies for violations of constitutional rights.").

6

No. 14-10402

A.

It is axiomatic that an individual may proceed *pro se* in civil actions in federal court, *see* 28 U.S.C. § 1654, but it is equally certain that those not licensed to practice law may not represent the legal interests of others, *see Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978).[11]  Relying on *Weber*, the district court dismissed Rodgers's *pro se* survival action because she was not authorized to practice law.  We review that dismissal *de novo*.[12]

We have not addressed whether a person who has capacity to represent an estate under a survival statute may do so *pro se*.[13]  The circuits that have addressed that issue tend to refuse to hear *pro se* survival claims where there are multiple beneficiaries or creditors.[14]  Two circuits, going further, affirmatively hold that an individual with capacity under state law to represent the

---

[11] *See also Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970) (per curiam) ("An ordered society has a valid interest in limiting legal representation to licensed attorneys.").

[12] *Harper v. Showers*, 174 F.3d 716, 718 n.3 (5th Cir. 1999) ("[T]he *de novo* standard applies [] to dismissals for a failure to state a claim on which relief may be granted pursuant to § 1915(e)(2)(B)(ii).").

[13] Some district courts in this circuit have recently addressed such claims.  *See Shamsid-Deen v. Texas*, 2014 WL 1917579, at *2 (N.D. Tex. May 13, 2014) ("To the extent that Plaintiff seeks to pursue claims on behalf of . . . the estate *pro se*, those claims should be dismissed without prejudice."); *Chapman v. Baylor Univ. Med. Ctr.*, 2012 WL 6866935, at *2 (N.D. Tex. Oct. 1, 2012) ("Plaintiff may not bring this *pro se* case on behalf of her deceased mother's estate."); *City Bank v. Compass Bank*, 2009 WL 4775104, at *1 (W.D. Tex. Dec. 10, 2009) ("Individuals appearing in representative capacities, such as executors of estates, may not proceed in litigation on a *pro se* basis, especially when the estate or entity being represented has third party beneficiaries or creditors.").

[14] *See Hunter v. Pepsico, Inc.*, 2015 WL 6774134, at *1 (7th Cir. Nov. 6, 2015) (unpublished) (citing *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) ("[I]f the administrator is not the sole beneficiary of the estate, then he or she may not represent the estate in court.")); *Johnson v. Marberry*, 549 F. App'x 73, 75 (3d Cir. 2013) (per curiam); *Sykes v. United States*, 507 F. App'x 455, 459–60 (6th Cir. 2012); *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) ("In this case, [Plaintiff] is not the only beneficiary/creditor of [the decedent's] estate.  Thus, as a non-attorney, [he] may not engage in the practice of law on behalf of others."); *Pridgen v. Andresen*, 113 F.3d 391, 392–93 (2d Cir. 1997) ("We now hold that an administratrix or executrix of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant."); *cf. Reshard v. Britt*, 839 F.2d 1499,

No. 14-10402

estate may do so *pro se* if he is the estate's sole beneficiary and there are no creditors. *See Bass v. Leatherwood*, 788 F.3d 228, 230–31 (6th Cir. 2015); *Guest v. Hansen*, 603 F.3d 15, 19–21 (2d Cir. 2010).[15] Those decisions are persuasive.

In *Guest*, the administrator of an estate brought a survival action. The administrator retained counsel in the district court but appealed an adverse summary judgment *pro se*. *Id.* The Second Circuit allowed the administrator to proceed *pro se* after other beneficiaries had disclaimed any interest in the estate and the administrator had filed a supplemental brief that the estate had no creditors. *Id.* at 19–20. The court addressed the perils of lay representation:

> The law contains so many esoteric pitfalls for an untrained advocate . . . that the risk of inadvertent waiver or abandonment of an issue is too high for us to allow a *pro se* litigant to represent another person. This rule exists to serve not only the interests of the represented party but also the interests of the adversaries and the court, because the entire judicial system benefits from the professional knowledge of practicing attorneys . . . .

*Guest*, 603 F.3d at 20 (quotation marks and citations omitted). The court allowed the *pro se* appeal because the administrator, as the sole beneficiary of an estate without creditors, was essentially representing his own interests. *Id.* at 21.[16]

---

1499–1500 (11th Cir. 1988) (en banc) (evenly divided court affirming, by operation of law, order refusing to allow lay personal representatives to proceed *pro se* on behalf of estate).

[15] Another circuit seemed to favor that approach, though in an unpublished opinion and only by implication. *See Witherspoon v. Jeffords Agency, Inc.*, 88 F. App'x 659, 659 (4th Cir. 2004) (remanding for a determination "whether [pro se plaintiff] is a beneficiary . . . whether there are other beneficiaries, and whether there are any creditors involved"). Another circuit has merely noted that such *pro se* representation presents an open question. *See Malone*, 474 F.3d at 937 n.2 (stating it had "not decided whether an administrator or executor who is the sole beneficiary of an estate without creditors may appear pro se on its behalf").

[16] "Because the administrator is the only party affected by the disposition of the suit, he is, in fact, appearing solely on his own behalf. This being so, the dangers that accompany lay lawyering are outweighed by the right to self-representation . . . ." *Guest*, 603 F.3d at 21.

No. 14-10402

In *Bass*, "authorized representatives" of two separate estates sued on behalf of their respective estates, alleging fraud by financial institutions. The district court dismissed the claims because a non-attorney could never appear *pro se* on behalf of an estate. The Sixth Circuit reversed and held that the representatives could bring the *pro se* claims because they were the sole beneficiaries of the estates, and there were no creditors. *Bass*, 788 F.3d at 230.

> The rule against non-lawyer representation protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent. The purpose of the rule, then, is to protect third parties. But that purpose has no role to play when the only person affected by a nonattorney's representation is the nonattorney herself.

*Id.* (quotation marks and citations omitted).

It was error for the district court—ruling without benefit of our decision on this issue of first impression—to dismiss Rodgers's survival action solely because she was proceeding *pro se* on behalf of the estate. A person with capacity under state law to represent an estate in a survival action may proceed *pro se* if that person is the only beneficiary and the estate has no creditors.

We must remand, however, for further determination whether Rodgers is the sole beneficiary. She averred that Hudson died without a will, that he had no spouse and no children, that she was his sole surviving parent, and that he died with no debts, no real property, and no taxes. There is, however, no indication whether Hudson had any living siblings when he died. Under Texas intestacy law, if he had siblings, then Rodgers might not be the sole beneficiary.[17] We leave that determination to the district court on remand.

---

[17] "ESTATE OF AN INTESTATE NOT LEAVING SPOUSE. (a) If a person who dies intestate does not leave a spouse, the estate to which the person had title descends and passes in parcenary to the person's kindred in the order provided by this section. . . . (d) If only the person's father or mother survives the person, the person's estate shall: (1) be divided into two equal portions, with: (A) one portion passing to the surviving parent; and (B) one portion

No. 14-10402

B.

Texas authorizes survival actions by the estate's personal representatives and heirs at law. *See* TEX. CIV. PRAC. & REM. CODE § 71.021(b). Usually only a personal representative may bring a survival action, but "[h]eirs at law can maintain a survival suit . . . if they allege and prove that there is no administration pending and none necessary." *Shepherd,* 962 S.W.2d at 31–32. Whether Texas law authorized Rodgers to maintain this survival action as Hudson's legal heir (*i.e.* whether administration is necessary) is tightly bound up with whether Rodgers is the estate's sole beneficiary and there are no creditors. *See id.* at 31–33; *Stewart v. Hardie,* 978 S.W.2d 203, 207 (Tex. App.—Fort Worth 1998, pet. denied).

In *Shepherd,* a wife sued on behalf of her deceased husband's estate. The husband died intestate, so his estate vested immediately in the wife as his surviving spouse. The wife alleged that the husband had no children, owned no real property, had no outstanding debts, and that the family had agreed she would take the husband's entire estate. The court concluded the wife had "capacity"[18] to pursue the survival action: "The evidence shows that the family had resolved the estate's disposition and that all debts were paid. Accordingly, no administration was necessary for it would have served no purpose." *Shepherd,* 962 S.W.2d at 33.

*Stewart* reinforces *Shepherd.* In *Stewart,* a husband asserted a survival action on behalf of his deceased wife. The court concluded the husband lacked capacity to assert the claim because he was not the estate's personal

---

passing to the person's siblings and the siblings' descendants; or (2) be inherited entirely by the surviving parent if there is no sibling of the person or siblings' descendants." TEX. EST. CODE § 201.001.

[18] *Shepherd* refers to this as "standing" to sue, but *Austin Nursing Center,* 171 S.W.3d at 851 n.3, later clarifies that this discussion more accurately relates to "capacity" to sue.

representative and, as an heir, had not proved that administration was unnecessary:

> Unlike the situation in *Shepherd*, . . . Stewart was not the only beneficiary of Mrs. Stewart's estate. In *Shepherd*, an administration was not necessary as a matter of law because the surviving spouse was the only heir of the estate and there was evidence that the family had resolved the estate's disposition. There is no such evidence in this case. Stewart . . . did not prove that no administration of Mrs. Stewart's estate was pending and that none was necessary. The parties stipulated that the estate had debts at the time of Mrs. Stewart's death. Further, there is no stipulation that the family had reached an agreement as to the disposition of the estate. Thus, an administration was necessary in this case, and the proper party to bring suit on behalf of the estate was the estate's personal representative.

*Stewart*, 978 S.W.2d at 207 (citations omitted).

Rodgers is Hudson's legal heir. *See* TEX. EST. CODE § 201.001(d). As described above, however, it remains uncertain whether she is the estate's sole heir. So, it is unclear whether administration is necessary and, thus, whether she has capacity to maintain a survival action as a legal heir. *See Stewart*, 978 S.W.2d at 207. The district court did not address Rodgers's capacity, and the record is insufficient to resolve the issue. Therefore, we remand for a determination of her capacity to sue under the Texas survival statute.

## IV.

We express no view on the merits of Rodgers's claims. "Experience teaches us that we should reiterate that nothing said or unsaid, expressed or implied is a determination, holding or intimation, one way or the other, on the merits of the cause." *Brazier*, 293 F.2d at 409–10. The district court allowed Rodgers to amend her complaint to assert only her personal claims, and she has not been afforded the opportunity to amend her pleadings to address any substantive deficiencies. We leave any determination as to the adequacy of her pleadings to the district court on remand in further proceedings pursuant to

No. 14-10402

28 U.S.C. § 1915(e)(2).  We place no limitations on the matters that the court may consider and decide on remand.

The judgment of dismissal is REVERSED and REMANDED.[19]

---

[19] Rodgers's motion to amend the caption is GRANTED.