# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10250
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2018

Lyle W. Cayce
Clerk

CHAZ Z. RODGERS, Individually,

Plaintiff-Appellant

v.

LANCASTER POLICE & FIRE DEPARTMENT; METHODIST DALLAS HOSPITAL; JAMES SKACH, Officer; BRIAN DORSEY, Supervisor; M. ADAMS; JEREMY STUCKEY, EMT-P #3082; DANIEL BUFE, EMT-P #3165; DAVID P. BRYANT, D.O. Physician; ABI M. FINBERG-PROVINCE, Registered Nurse; MICHAEL ADAMS; JAMES GRIMES; BRYAN DORSEY; DEVON O. CANDLER,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-2031

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Chaz Z. Rodgers appeals the dismissal of her civil complaint, in which she asserted federal and state law claims on behalf of herself and the estate of her son, Anthony D. Hudson, related to the circumstances of Hudson's death

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10250

by gunshot by a private citizen.  The district court found that Rodgers's claims on behalf of Hudson's estate should be dismissed without prejudice on the basis that Rodgers, who was proceeding pro se, failed to establish that she was the sole heir and, therefore, she could not sue for the estate as a non-lawyer.  The district court dismissed with prejudice her federal and state law claims, which she raised on her own behalf, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

Rodgers suggests that the district court incorrectly dismissed her claims on behalf of Hudson's estate because, according to her, she is the sole heir.  We previously remanded this case to allow the district court to develop the record as to whether Rodgers has the legal capacity to represent the estate pro se, i.e., whether Rodgers was the only heir and the estate had no creditors.  *Rodgers v. Lancaster Police & Fire Dept.*, 819 F.3d 205, 207, 210-13 (5th Cir. 2016).  The facts developed by the district court did not support that Rodgers was the sole heir and, therefore, indicated that she could not sue for the estate.  On appeal, Rodgers has presented no details to support her claim that she is the sole heir, does not address the district court's determination that other possible heirs – including Rodgers's father and his descendants – may have a legal claim to the estate under Texas law, and has not otherwise identified facts that show that she is the only person with the legal capacity to sue for the estate.  Thus, she has not shown, on de novo review, *see id*. at 210 & n.12, that the district court erred in dismissing her claims on behalf of the estate.

Also, Rodgers contests the district court's conclusion that, with regard to her personal claims, her complaint failed to state a claim for relief.  However, her challenge to the district court's dismissal, which we consider de novo, *see Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003), is merely her assertion that her complaint stated a claim for relief.  Rodgers does not explain how the

facts in her complaint – as supplemented by her answers to a questionnaire – supported a federal or state law claim, address the district court's findings as to the deficiencies of her allegations, or identify any error in the district court's findings.  Because Rodgers has failed to brief with any specificity whether her complaint stated a claim for relief, she has not shown an error in the dismissal of her personal claims.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a).  To the extent that she asserts that the dismissal of her personal claims was due to judicial bias, she has not identified any bases on which the impartiality of the magistrate judge or the district court judge in this case might be questioned.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Andrade v. Chojnacki*, 338 F.3d 448, 454-55 (5th Cir. 2003).

Rodgers argues that the district court erred in denying her complaint for insufficient service of process and wrongly found that her complaint was moot.  However, as indicated, the district court did not dismiss her complaint on the basis of insufficient service of process or mootness.  Rather, the district court found that Rodgers could not sue on behalf of the estate and that her personal claims did not state a claim for relief.  Thus, her claim is belied by the record.

Finally, Rodgers maintains that the district court erred in dismissing her complaint without first permitting discovery.  The district court screened the complaint under § 1915(e)(2), which permits the district court, sua sponte, to dismiss the complaint at any time.  Because the screening involved a review of only the plaintiff's allegations, Rodgers – who has not indicated what discovery would have revealed or how it would have affected the district court's dismissal of her complaint – was not entitled to discovery.  *See Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991).

AFFIRMED.