# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 3, 2022

Lyle W. Cayce
Clerk

No. 20-11008
Summary Calendar

John Louis Atkins,

*Plaintiff—Appellant*,

*versus*

Jeffrey A. Propst,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:19-CV-166

Before Owen, *Chief Judge*, and Smith and Elrod, *Circuit Judges*.

Per Curiam:*

John Louis Atkins, Texas prisoner # 2184778, appeals the district court's dismissal of the amended complaint he filed pro se against his former attorney. After granting Atkins leave to proceed in forma pauperis, the district court sua sponte dismissed the case without prejudice for lack of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

subject matter jurisdiction and for failure to state a claim upon which relief may be granted. The district court also alternatively ordered that the complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted. The court denied as moot Atkins's motion for a hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Atkins argues that the district court erred by dismissing the case without first conducting a *Spears* hearing or otherwise permitting him to address the court's concerns through a more specific pleading. Before sua sponte dismissing a pro se litigant's case with prejudice, a district court ordinarily must provide an opportunity to amend the complaint to remedy the deficiencies. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Eason v. Thaler*, 14 F.3d 8, 9 & n.5 (5th Cir. 1994). A dismissal without prejudice should be treated as a dismissal with prejudice when a refiling of the claims would be time barred by the time of the dismissal. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *Murphy v. Kellar*, 950 F.2d 290, 292 & n.5 (5th Cir. 1992).

Although the district court granted Atkins's motion to file an amended complaint shortly after the filing of his original complaint, the amended complaint was not a meaningful opportunity for him to respond to deficiencies because he had no notice at the time that the complaint contained deficient allegations and was in jeopardy of dismissal. *See Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 213 (5th Cir. 2016). The district court should have given Atkins an opportunity to further develop his allegations before sua sponte dismissing the case. *See Bazrowx*, 136 F.3d at 1054; *Eason*, 14 F.3d at 9.

Accordingly, we vacate the judgment and remand so that Atkins may receive such an opportunity. *See Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016). No other limitations are placed on the matters that the district court

No. 20-11008

may consider and decide on remand.  We express no view on the merits regarding subject matter jurisdiction or Atkins's claims.[1]

VACATED and REMANDED.

---

[1] We do not consider Atkins's argument here that the district court judge should have recused himself in this case, as it is raised for the first time on appeal.  *See Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003); *Clay v. Allen*, 242 F.3d 679, 681 (5th Cir. 2001).  Given our decision, we also do not reach Atkins's remaining arguments challenging the dismissal of the case.