# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-30616
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2025

Lyle W. Cayce
Clerk

Kelvin Wells,

*Plaintiff—Appellant*,

*versus*

East Baton Rouge School System; Keith Woods;
Mentorship Helix Academy,

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:23-CV-595

————————————————————————

Before Davis, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Pro se Plaintiff-Appellant Kelvin Wells, a Black male and Louisiana resident, appeals the dismissal of his civil-rights complaint. In it, he asserted claims for himself and on behalf of his three adult children against Defendants-Appellees East Baton Rouge School System, Mentorship Helix Academy, and Keith Woods for a series of events spanning a fourteen-year

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

period. Because Wells's complaint fails to state a plausible claim for himself, and because he can't appear for his children, we AFFIRM.

Wells's operative complaint, which was filed using a court-provided 42 U.S.C. § 1983 form, claimed that he—as well as his 18-year-old son and 19- and 20-year-old daughters—suffered years of discrimination, retaliation, and harassment at the hands of Defendants-Appellees—a school, its coach, and the school system. Wells alleged Defendants-Appellees denied him and his children "access to educational materials . . . [,] talented and gifted programs, . . . [,] medical attention after injuries on campuses . . . , [and] participation in sports and school sanctioned activities." His complaint recited a multiplicity of events, beginning in 2009 and continuing through 2023. But the gravamen of his allegations is that this longstanding feud led to his banishment from the school's campus and his children's inability to obtain academic or athletic collegiate scholarships.

Defendants-Appellees moved to dismiss Wells's complaint, arguing that the district court lacked jurisdiction, that Wells lacked capacity to assert claims on his children's behalf, and that Wells failed to state a claim for relief.

To the extent Wells intended to sue on behalf of his adult children, the district court properly dismissed these claims.[1] "It is axiomatic that an individual may proceed *pro se* in civil actions in federal court, *see* 28 U.S.C. § 1654, but it is equally certain that those not licensed to practice law may not represent the legal interests of others, *see Weber v. Garza*, 570 F.2d 511, 514

---

[1] Wells's own filings demonstrate that his children have reached the age of eighteen. *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293–94 (5th Cir. 2008). *Compare* FED. R. CIV. P. 17(c)(1)(A) (providing a guardian may sue on behalf of a *minor*), *with* LA. CIV. CODE ANN. art. 29 (1988) ("Majority is attained upon reaching the age of eighteen years.").

No. 24-30616

(5th Cir. 1978)."[2] Dismissal as to these claims is required because Wells, a nonlawyer, is statutorily barred from litigating his adult children's claims.

Liberally construing Wells's pleadings seeking relief for himself, the magistrate judge concluded that Wells claimed violations of Title II of the Americans with Disabilities Act (ADA), §§ 12131, *et seq.* (discrimination); Title VI, §§ 2000d, *et seq.* (same); Title VII, §§ 2000e, *et seq.* (same); and Title IX, 20 U.S.C. §§ 1681, *et seq.* (sex-based harassment). She recommended dismissal for lack of subject-matter jurisdiction, *see* FED. R. CIV. P. 12(b)(1), because Wells "fail[ed] to explain how the conduct alleged gives rise to a civil rights violation under any federal statute referenced." Alternatively, she recommended dismissal for failure to state a claim, *see* FED. R. CIV. P. 12(b)(6), because Wells "is not the proper party in interest to bring claims on behalf of his adult children, and because virtually all the claims were not timely filed[.]" The magistrate judge also recommended denying Wells further leave to amend.

Over Wells's objections, the district court accepted the magistrate judge's Report and Recommendation. It dismissed the action without prejudice, and granted the adult children sixty days to assume prosecution of the claims Wells asserted on their behalf, which they did not do. The district court, noting Wells is a frequent pro se filer,[3] also ordered Wells to obtain its

---

[2] *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 210 (5th Cir. 2016) (footnote omitted); § 1654 (establishing that "parties may plead and conduct their own cases *personally* or by counsel" (emphasis added)). *But cf. Raskin ex rel. JD v. Dall. Indep. Sch. Dist.*, 69 F.4th 280, 282 (5th Cir. 2023) (rejecting "an absolute bar on *pro se* parent representation . . . when the [minor] child's case is the parent's 'own'" (quoting § 1654)).

[3] Since 1999, Wells has filed forty-six lawsuits in the district court.

No. 24-30616

permission before filing any future action. Wells appealed. Because he proceeds pro se, we construe his filings liberally.[4] Our review is de novo.[5]

We agree with the district court that Wells's complaint warrants dismissal, but conclude dismissal is proper under Federal Rule of Civil Procedure 12(b)(6), not 12(b)(1). His complaint, liberally construed, alleges conclusory claims bearing enough resemblance to federal causes of action that they fall within the district court's subject-matter jurisdiction.[6]

Nonetheless, Wells's allegations failed to state a claim for relief under each of the federal statutes he listed in his complaint.[7] A claim under the ADA requires that a plaintiff show he has a qualifying disability,[8] but Wells only vaguely alleged that he is a "Disabled Black Veteran." A claim under Title VI requires proof of a federal funding recipient's discriminatory intent,[9]

---

[4] *E.g., Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam).

[5] *Smith v. Hood*, 900 F.3d 180, 184 (5th Cir. 2018) (stating this court conducts a de novo review of dismissals under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)).

[6] *See Bell v. Hood*, 327 U.S. 678, 683 (1946).

[7] *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254 (2010) ("The District Court here had jurisdiction. . . . Since nothing in the analysis of the courts below turned on the mistake, a remand would only require a new Rule 12(b)(6) label for the same Rule 12(b)(1) conclusion. [So], we proceed to address whether petitioners' allegations state a claim.").

[8] *E.g., Winder v. Gallardo*, 118 F.4th 638, 648 (5th Cir. 2024) ("An ADA plaintiff must show: '(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability.'" (quoting *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011))).

[9] *Rollerson v. Brazos River Harbor Navigation Dist.*, 6 F.4th 633, 639 (5th Cir. 2021) ("[Title VI] prohibits only intentional discrimination." (quoting *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001))); *see also Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 583 (5th Cir. 2020) ("Title VI . . . seek[s] to stamp out discrimination in programs receiving federal funds and ensure that federal resources do not support discriminatory practices.").

No. 24-30616

but Wells doesn't allege facts showing how he was treated differently because of his "race, color, or national origin[.]"[10] A claim under Title VII presupposes the existence of an employment relationship between the plaintiff and defendant,[11] but Wells's pleadings are devoid of any allegation supporting the inference of one. A claim under Title IX requires a showing of sex-based discrimination,[12] but Wells's conclusory allegation that he was "harassed by law enforcement for filing complaints" does not give rise to a plausible inference of sex-based animus. So we agree with the district court that Wells has failed to state a claim for any constitutional or federal violation.[13]

AFFIRMED.

---

[10] 42 U.S.C. § 2000d.

[11] *E.g., Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017) ("To maintain a claim under Title VII, the plaintiff must demonstrate an 'employment relationship' between the plaintiff and the defendant." (citing *Deal v. State Farm Cty. Mut. Ins. Co.*, 5 F.3d 117, 118–19 (5th Cir. 1993))).

[12] *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 166 (5th Cir. 2011) ("[H]arassment "*on the basis of sex* is the sine qua non of a Title IX sexual harassment case, and a failure to plead that element is fatal[.]" (emphasis added) (quoting *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 66 (1st Cir. 2002))).

[13] *Baker v. McCollan*, 443 U.S. 137, 140 (1979) ("The first inquiry in any § 1983 suit[] . . . is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws' of the United States" (quoting 28 U.S.C. § 1983)).