# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 19, 2012

Lyle W. Cayce
Clerk

No. 11-41362
Summary Calendar

STEVEN PEREZ,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA; NUECES COUNTY, TEXAS; CORPUS CHRISTI POLICE DEPARTMENT; JUDGE SANDRA WATTS; JUDGE JANICE JACK; JUSTICE HENRY SANTANA; JUDGE J. MANUEL BANALES; ET AL,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CV-246

Before KING, CLEMENT, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Steven Perez, Texas prisoner # 1514617, appeals the dismissal of his civil rights action against various state and federal defendants, including the United States of America, Judge Janis Jack, Nueces County, the Corpus Christi Police Department, Judge Sandra Watts, Judge Manuel Banales, Justice of the Peace Henry Santana, Detective Ralph Lee, the Chief of the Corpus Christi Police

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Department during 2007 and 2008, the Sheriff of Nueces County during 2007 and 2008, Gale Gleimer, Jennifer Dorsey, Patsy Perez, Douglas Mann, Sylvia Jasso, Tiffany Garza, Sara Rivera, Olivia Aguilar, Roger Perez, Carlos Valdez, Mark Skurka, Chief Justice Rogelio Valdez, J.J. Garcia, Justice Rose Vela, Justice Nelda Rodriguez, Justice Dori Contreras Garza, Harley Lappin, Prosecutor Norman, Warden Monroe, and Rick Thaler. In his brief, Perez fails to include any discussion, either by name or title, of Santana, Jasso, Valdez, Vela, Rodriguez, Garza, Lappin, Monroe, and Thaler. He has, therefore, abandoned any challenge to the dismissal of his claims against these defendants. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

As to the United States, the district court dismissed Perez's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction based on the ground that the United States had not waived sovereign immunity. This court reviews such dismissals de novo. *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 240 (5th Cir. 2005).

"'[T]he United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued.'" *Smith v. Booth*, 823 F.2d 94, 96 (5th Cir. 1987) (citation omitted). The burden of establishing a waiver of sovereign immunity rests with the party attempting to sue the United States. *See Taylor-Callahan-Coleman Counties Dist. Adult Prob. Dep't v. Dole*, 948 F.2d 953, 956 (5th Cir. 1991). Perez does not seek relief under the Federal Tort Claims Act and has not identified any other applicable provision waiving sovereign immunity. He has not established a waiver.

As to Judge Jack, the district court dismissed Perez's claims pursuant to Rule 12(b)(6) for failure to state a claim based on judicial immunity. This court reviews such dismissals de novo. *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011).

"[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Such immunity

2

is not overcome by allegations of bad faith and "applies even when the judge is accused of acting maliciously and corruptly." *Id.* The actions taken by Judge Jack took place during Perez's revocation proceedings and thus were judicial in nature; moreover, Perez has alleged no facts to support a finding that Judge Jack took any actions outside of her jurisdiction. *See id.* at 11-12. Although absolute immunity does not extend to suits for injunctive or declaratory relief, *see Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 849 (5th Cir. 1991), Perez has failed to state a claim upon which relief may be granted, and his claim is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); 28 U.S.C. § 1915A(b)(1).

As to Judge Sandra Watts and the defendant prosecutors, the district court dismissed Perez's claims pursuant to § 1915(e)(2)(B)(iii) and § 1915A(b)(2) based on judicial immunity. Following a de novo review, we find no error in the district court's dismissal of Judge Watts, *see Mireles,* 502 U.S. at 11-12, and the prosecutors, *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997).

We next consider Perez's argument that *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), should not bar his claim that Detective Ralph Lee seized his Cadillac without a warrant and never gave it back. The unauthorized intentional deprivation of property does not constitute a constitutional violation as long as the state provides a meaningful post deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The complainant bears the burden of establishing that the state's post deprivation remedy is inadequate. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). In Texas, the tort remedy of conversion is available for a complainant to seek redress for any alleged property loss. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). Perez has not asserted that he attempted to seek redress in state court or that the state remedy was inadequate; thus, his claim is unavailing.

Perez's allegations that the Nueces County Sheriff and the jail librarian denied him access to the library and to the courts do not implicate the validity

of his conviction. Prisoners have a constitutional right under the First Amendment to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right includes access to a law library or other legal assistance. *Id.* at 828. To prevail, a prisoner must demonstrate an actual legal injury stemming from the defendants's conduct. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). Perez has not made this showing. *See id.*

As to the remaining defendants, we conduct a de novo review of the district court's dismissals under § 1915(e)(2)(B) and § 1915A(b). *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). Because a judgment in Perez's favor would necessarily imply the invalidity of his state murder and gun possession convictions and the judgment in his federal revocation proceeding, his claims are barred by *Heck*, 512 U.S. at 486-87, and *Stephenson v. Reno*, 28 F.3d 26, 27-28 & n.1 (5th Cir. 1994).

Perez also raises several claims of district court error, which are unavailing. First, his claim that the district court did not conduct a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), fails. A district court is not required to hold a *Spears* hearing prior to dismissing a prisoner's civil rights action; moreover, not "all or even most prisoner claims require or deserve a *Spears* hearing." *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986); *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994). Based on our review of the record, including Perez's initial complaint and his subsequent filings, we find no error in the district court's decision to proceed without a *Spears* hearing.

Perez's claims that the district court dismissed his civil rights action without first issuing service of process, conducting discovery, and waiting for a decision in his federal habeas proceeding are likewise unavailing. *See* § 1915(e)(2); § 1915A; *Heck*, 512 U.S. at 489-90; *In re Jacobs*, 213 F.3d 289, 290 (5th Cir. 2000). His argument that the district court improperly decided an issue of fact by concluding that his indictment was a true bill rather than a fraud also

fails. This claim implicates the validity of his convictions. Because there is no evidence that Perez's convictions have been overturned, expunged, or otherwise invalidated, any claim that his indictment was obtained by fraud is barred by *Heck*, 512 U.S. at 486-87. Accordingly, the district court did not make an improper fact determination.

Perez has also shown no error as to his assertions that the district court failed to address his claims for declaratory and injunctive relief. Even assuming that Perez did, in fact, request declaratory and injunctive relief in the district court, the requests briefed in this court are either fatally vague or relate to his state murder conviction. Because there is no evidence that Perez's state convictions and revocation judgment have been invalidated, he has not shown that he was entitled to the injunctive and declaratory relief he sought.

Finally, Perez argues that "most, if not all, of the defendants in this lawsuit have bootstrapped the state court's jurisdiction over him to include jurisdiction over his federal conviction on drug charges." His briefing is vague, and he has failed to provide adequate citation to the record. By failing to provide adequate briefing, he has abandoned this issue. *See Yohey*, 985 F.2d at 224-25; FED. R. APP. P. 28(a)(9).

AFFIRMED.