# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20706
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2019

Lyle W. Cayce
Clerk

TROY DANIEL THOELE,

Plaintiff-Appellant

v.

MARC HAMLIN; TRAVIS BRYAN, III,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-2337

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Troy Daniel Thoele, Texas prisoner # 1784662, filed a civil rights complaint, naming as defendants Brazos County District Court Clerk Marc Hamlin and state District Judge Travis Bryan, III. Thoele contended that the defendants violated his right to due process in relation to his state habeas applications. He demanded an award of damages and declaratory and injunctive relief. The district court dismissed the complaint as frivolous and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20706

because it asserted claims against parties who are immune from suit. *See* 28 U.S.C. § 1915A(b)(1)-(2).

"This court's precedent is inconsistent as to whether a § 1915A(b)(1) dismissal is reviewed de novo or for abuse of discretion." *Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012). We need not resolve the issue because Thoele's appeal fails even on de novo review. *See id.*; *see also Perez v. United States*, 481 F. App'x 203, 206 (5th Cir. 2012) (reviewing dismissal under § 1915A(b)(2) under de novo standard).

Thoele has not shown that the district court erred in determining that Judge Bryan is absolutely immune from suit. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994); *see also Stump v. Sparkman*, 435 U.S. 349, 356-67, 362 (1978). Nor has he shown that the district court erred in holding that it lacked authority to grant his requests for declaratory and injunctive relief. *See Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991).

In addition, Thoele contends that the district court erred in concluding that clerk of court Hamlin was entitled to quasi-judicial immunity rather than qualified immunity. We do not reach this question but will affirm on other grounds. *See McGruder v. Will*, 204 F.3d 220, 222 (5th Cir. 2000).

Thoele's claim is that Hamlin violated his right to procedural due process by violating state law in failing to carry out an administrative function in his state habeas cases. The Texas Court of Criminal Appeals has denied those habeas cases on their merits. Accordingly, Thoele cannot show that he was prejudiced by Hamlin's alleged errors and omissions. *See Keough v. Tate Cnty. Bd. of Educ.*, 748 F.2d 1077, 1083 (5th Cir. 1983) ("To establish a denial of procedural due process, a party must show substantial prejudice."). The judgment is AFFIRMED.