# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 3, 2022

Lyle W. Cayce
Clerk

No. 21-40500

Lisa Marie Searcy,

*Plaintiff—Appellant*,

*versus*

Henry Trochesset; Patricia Grady; Joann Fentanes; Texas Board of Pardons and Paroles; Nicole Olsen; Haley Sloss; Jack Roady, Galveston County District Attorney; Jim Yarbrough, Galveston Mayor; Justice Ken Thompson Frost, Fourteenth Court of Appeals; Court of Criminal Appeals; Mark Henry, County Judge; Mark Aronowitz; Texas Commission on Jail Standards,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:21-CV-54

Before Richman, *Chief Judge*, and Ho and Engelhardt, *Circuit Judges*.

Per Curiam:*

Lisa Searcy, a Galveston County Jail inmate, filed a 42 U.S.C. § 1983 civil rights complaint against a myriad of defendants raising numerous claims including retaliation, obstruction of access to courts, prosecutorial misconduct, and ineffective assistance of counsel, among other requests for relief. The district court dismissed Searcy's suit with prejudice under 28 U.S.C. § 1915A. Searcy filed a notice of appeal. We affirm.

**I**

Searcy filed a civil-rights complaint alleging that she was a "victim of police and state corruption." She asked the district court to dismiss the criminal charges against her, release her from custody, and grant her an injunction against further prosecution and an order of expunction. She also requested an order terminating the employment and disbarring or revoking the licenses held by the attorney-defendants.

The district court scrutinized Searcy's pleadings under the Prison Litigation Reform Act. Section 1915A(b) of the Act requires the court to dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."[1]

The district court determined that Searcy could not sue governmental agencies, such as the Texas Board of Pardons and Paroles, state court judges and state prosecutors because they were immune from suit. In addition, the court determined that Searcy's claims against her defense attorneys should be dismissed because criminal defense attorneys, even those appointed by the court, are not state actors for purposes of a § 1983 suit. The court also

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[1] 28 U.S.C. § 1915A(b).

concluded that Searcy had not demonstrated that either Mayor Yarbrough or a state court judge implemented a policy that resulted in a deprivation of her civil rights.

The district court held that it lacked the power to grant injunctive relief to Searcy in her state court proceedings and that it lacked authority to dismiss her pending state criminal charges. To the extent Searcy sought a release from custody, the court explained that a habeas application was the correct method by which to seek such relief but declined to recharacterize her § 1983 suit as a habeas application. The court therefore dismissed Searcy's suit with prejudice under § 1915A.

The court also ordered that the dismissal count as a "strike" under 28 U.S.C. § 1915(g). Section 1915(g) bars a prisoner from proceeding in forma pauperis (IFP) in a civil action or appeal "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2]

The district court granted Searcy leave to proceed IFP on appeal. Searcy appeals the dismissal of her suit.

## II

Because the district court dismissed Searcy's complaint for failure to state a claim, as frivolous, and on the ground of immunity, this court reviews

---

[2] 28 U.S.C. § 1915(g).

No. 21-40500

the dismissal de novo.[3]  When reviewing a dismissal for failure to state a claim, the court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff."[4]  Nonetheless, a complaint will not proceed unless it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[5]  This court will "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."[6]

To state a claim under § 1983, a plaintiff must allege a violation of a right, privilege, or immunity secured by the Constitution or laws of the United States and must demonstrate that the alleged deprivation was committed by a state actor, that is, a person acting under color of state law.[7]

Searcy sued the Texas Board of Pardons and Paroles, the Texas Commission on Jail Standards, and the Texas Court of Criminal Appeals. She also sued other state court judges as well as state prosecutors involved with her pending criminal charges.  Searcy only generally asserts that these agencies and entities are not immune under the Eleventh Amendment but does not address the district court's conclusions that they are instrumentalities of the State of Texas.[8]  She similarly fails to explain why the

---

[3] *See Carlucci v. Chapa*, 884 F.3d 534, 537 (5th Cir. 2018); *Perez v. United States*, 481 F. App'x 203, 206 (5th Cir. 2012) (per curiam) (unpublished).

[4] *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

[6] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

[7] *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010).

[8] *Champagne v. Jefferson Par. Sheriff's Off.*, 188 F.3d 312, 313 (5th Cir. 1999) ("Whether an entity is covered by a State's Eleventh Amendment immunity turns on the entity's (1) status under state statutes and case law, (2) funding, (3) local autonomy,

state prosecutors and state judges are not entitled to immunity.[9] By failing to contest adequately the district court's reasons for concluding that these agencies, entities, and judicial officers were entitled to immunity, she has forfeited these claims.[10]

As to Searcy's claims against her defense attorneys, court-appointed lawyers are not state actors for § 1983 purposes when they are performing traditional functions as counsel in a criminal proceeding.[11] There is no indication that Searcy's attorneys were serving in any other function than that of a traditional criminal defense attorney when representing her. Therefore, the district court did not err by dismissing Searcy's claims against her defense attorneys.[12]

Next, Searcy generally asserts that Mayor Yarbrough is not immune from her § 1983 claims. But she does not address the district court's conclusion that there was no evidence Mayor Yarbrough, as a supervisory official, implemented a policy that resulted in a deprivation of her civil rights. An official who did not personally participate in the alleged constitutional deprivation is liable under § 1983 only if he "implement[ed] a policy so

---

(4) concern with local or statewide problems, (5) ability to sue in its own name, and (6) right to hold and use property.").

[9] *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) ("Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions."); *see also id.* at 285 ("Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process.").

[10] *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

[11] *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-19 (1981); *see also Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983.").

[12] *See Dodson*, 454 U.S. at 317-25; *Mills*, 837 F.2d at 679.

deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."[13]  By failing to address the district court's reasons for concluding that Mayor Yarbrough was not subject to supervisory liability, she has forfeited this claim.[14]

Searcy's claim against Sheriff Trochesset similarly fails.  The district court did not specifically address her claim against Sheriff Trochesset, but she does not address this failure and only generally reiterates her claims against him in her brief to this court.  These conclusory allegations are insufficient to establish a facially plausible claim.[15]

Searcy argues that the district court erred in dismissing her § 1983 suit without holding an evidentiary hearing.  Before dismissing a pro se litigant's case, a district court ordinarily must provide an opportunity to amend the complaint to remedy any deficiencies.[16]  The primary means that have evolved for remedying inadequacies in a prisoner's pleadings are a *Spears*[17] evidentiary hearing or a questionnaire.[18]  Those methods are unnecessary, however, "if the plaintiff has already pleaded his best case."[19]  Accordingly, this court can affirm if the plaintiff fails to state any facts he would have alleged in an amended complaint to overcome the deficiencies identified by

---

[13] *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (internal quotation marks and citation omitted).

[14] *See Hughes*, 191 F.3d at 613.

[15] *See Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).

[16] *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

[17] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[18] *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).

[19] *Brewster*, 587 F.3d at 768 (internal quotation marks and citation omitted).

No. 21-40500

the district court.[20] Searcy's conclusory arguments on appeal fail to state any facts that she could have alleged or supported with discovery to overcome the district court's specific reasons for dismissing her claims against each defendant. She fails to demonstrate that she had not pleaded her best case or that the district court erred in failing to conduct a *Spears* hearing or provide any other opportunities to develop her claims.

Finally, the district court did not err in denying Searcy's requests to dismiss her state charges, to provide injunctive relief in her state court proceedings, and to release her from detainment. A federal court may not intervene in state court proceedings, such as by dismissing charges, unless exceptional circumstances are present.[21] Searcy's general requests for such action are insufficient to establish those circumstances. Similarly, a district court has no power to direct state officials in the performance of their duties by way of injunctive relief.[22] Lastly, the appropriate mechanism for requesting release from detainment is the federal habeas statute.[23]

Searcy has not shown that the district court erred in dismissing her § 1983 suit under § 1915A.[24]

---

[20] *See id.*; *see also Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016) (vacating when the record did not reflect that the plaintiff "could not or would not amend his complaint to allege more specific facts had the district court informed him of such a deficiency"); *cf. Rodgers v. Lancaster Police & Fire Dep't*, 713 F. App'x 323, 325 (5th Cir. 2018) (per curiam) (unpublished) (affirming dismissal without allowing discovery where the plaintiff did not indicate "what discovery would have revealed or how it would have affected the district court's dismissal of her complaint").

[21] *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971).

[22] See Moye v. Clerk, Dekalb Cnty. Superior Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973).

[23] *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

[24] *Cf. Carlucci v. Chapa*, 884 F.3d 534, 537 (5th Cir. 2018).

### III

In addition to dismissing Searcy's suit, the district court also imposed a strike against Searcy under § 1915(g). While Searcy references this potential issue, she does not brief it. "Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved."[25] Because Searcy has not preserved this issue, we will not reach it.

\* \* \*

For these reasons, we AFFIRM the district court's order.

---

[25] *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (quoting *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988)).