# United States Court of Appeals for the Fifth Circuit

————————

No. 23-40700
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2024

Lyle W. Cayce
Clerk

Jesse A. Reynolds,

*Plaintiff—Appellant*,

*versus*

Titus County; Titus County Sheriff's Office; Brian Lee, *Titus County Judge, Individually and in Official Capacity*; John Cobern, *Titus County Attorney, Individually and in Official Capacity*,

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:23-CV-99

————————————————————————

Before Davis, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant, Jesse A. Reynolds, proceeding *pro se* and *in forma pauperis* ("IFP"), filed a civil rights complaint against Titus County, Titus County Sheriff's Office, Titus County Judge Brian Lee, and Titus County Attorney John Cobern (collectively "Defendants"). The district court

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40700

dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, as frivolous, and for seeking money damages from defendants immune from such relief. We AFFIRM.

## I.

On September 26, 2023, Reynolds filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants conspired to deprive him of his civil rights, including "his right to bear arms protected by the 2nd Amendment, his rights to due process . . . , and rights against unreasonable searches and seizures."[1] In particular, Reynolds's complaint asserts that a Titus County law enforcement officer violated his Second and Fourth Amendment rights by falsely arresting him and unlawfully confiscating his firearm and vehicle. Reynolds further alleges that Titus County Attorney, John Cobern, filed misdemeanor charges against him with malicious intent and violated his civil rights by failing to drop these charges due to insufficient evidence. The complaint also states that Titus County Judge, Brian Lee, deprived Reynolds of his civil rights in the following ways: (1) ordering a competency examination of Reynolds in violation of state procedure; (2) ruling Reynolds incompetent without a trial or the opportunity to present evidence; and (3) dismissing the charges against Reynolds without notifying him. Finally, Reynolds's complaint alleges that Titus County violated his civil rights given the above violations of its officers and "by creating a false sense of law & order, and abuse of process by the county court system." For relief, Reynolds seeks $92,382,812 in damages.

---

[1] In addition to filing his *pro se* complaint, Reynolds also filed a motion to proceed IFP. The magistrate judge granted Reynolds's motion to proceed IFP.

No. 23-40700

The magistrate judge recommended the dismissal of Reynolds's complaint *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]  Specifically, the magistrate judge concluded that Reynolds's claims against the County Attorney and Judge are barred by judicial and prosecutorial immunity, his claims against Titus County and the Titus County Sheriff's Office are barred by the statute of limitations, and his alleged claims of damages are frivolous and implausible.  Additionally, the magistrate judge recommended dismissal with prejudice because permitting Reynolds the opportunity to amend would be futile given that his claims are barred by the statute of limitations or immunity.  The district court adopted the magistrate judge's report and recommendation, and overruled Reynolds's objections.[3]  Reynolds filed a timely notice of appeal.

## II.

"We review a determination that a case is frivolous under § 1915(e)(2)(B)(i) for abuse of discretion."[4]  A complaint is considered frivolous under this section "if it has no arguable basis in law or in fact."[5]  Additionally, we review *de novo* a district court's dismissal under § 1915(e)(2)(B)(ii)–(iii) for failure to state a claim or because a complaint

---

[2] Section 1915(e)(2)(B) allows a district court to *sua sponte* dismiss an IFP complaint if the suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."

[3] The district court adopted the magistrate judge's report in full but noted that although "the Court does not disagree with the report's comments about the alleged damages, the Court finds it unnecessary to address the merits of the accounting for Plaintiff's business plans because Plaintiff fails to state a claim because of both immunity and tolling issues."

[4] *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002) (per curiam) (citation omitted).

[5] *Ruiz v. United States*, 160 F.3d 273, 274–75 (5th Cir. 1998) (per curiam).

seeks relief from a defendant immune from such suits.[6]  Because the district court here referred to all three sections of § 1915(e)(2)(B) in dismissing Reynolds's complaint, we review the issues *de novo*.[7]

On appeal, Reynolds asserts that the various types of immunity invoked by the district court are not absolute and are inapplicable in cases involving a "conspiracy to deprive a person of their civil rights."  Reynolds further argues that the statute of limitations is tolled for his false arrest claims against Titus County and the Titus County Sheriff's Office, and thus the district court erred in dismissing these claims as time-barred.

As to Judge Lee, the district court correctly dismissed Reynolds's claims pursuant to § 1915(e)(2)(B)(iii) based on judicial immunity.  Judges are immune from damages suits for all actions taken in their judicial capacity, unless such actions are taken in the "clear absence of all jurisdiction."[8]  Reynolds does not allege that Judge Lee acted in the absence of jurisdiction or in a non-judicial capacity.  Additionally, Reynolds's argument that judicial immunity is inapplicable here because Judge Lee acted in bad faith is without merit given that judicial immunity "applies even when the judge is accused of acting maliciously and corruptly."[9]  Accordingly, we find no error in the district court's dismissal of Reynolds's claims against Judge Lee.

---

[6] *Newsome*, 301 F.3d at 231 (stating the standard of review for § 1915(e)(2)(B)(ii)); *Perez v. United States*, 481 F. App'x 203, 206 (5th Cir. 2012) (per curiam) (unpublished) (stating the standard of review for § 1915(e)(2)(B)(iii)).

[7] *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citation omitted).

[8] *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks and citation omitted).

[9] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) (internal quotation marks and citation omitted).

As to Titus County Attorney, John Cobern, we also conclude the district court correctly dismissed Reynolds's claims pursuant to § 1915(e)(2)(B)(iii) based on prosecutorial immunity. "A prosecutor is absolutely immune when []he acts in h[is] role as an advocate for the state by initiating and pursuing prosecution."[10] Such "[a]bsolute immunity shields prosecutors even when they initiate prosecution maliciously, wantonly, or negligently."[11] As explained by the district court, Reynolds's assertions that prosecutorial immunity is inapplicable here because Cobern withheld evidence, relied on a "fabricated" report by a court-appointed psychologist, and conspired against Reynolds are all foreclosed by precedent.[12] Thus, we affirm the dismissal of Reynolds's claims against John Cobern on grounds of immunity.

Finally, Reynolds's claims against Titus County and the Titus County Sheriff's Office are barred by the statute of limitations and therefore were properly dismissed under § 1915(e)(2)(B)(ii). Because there "is no federal statute of limitations for civil rights actions brought pursuant to § 1983," courts must "'borrow' the forum state's general personal injury limitations

---

[10] *Morgan v. Chapman*, 969 F.3d 238, 244 (5th Cir. 2020) (quoting *Beck v. Tex. State Bd. of Dental Examiners*, 204 F.3d 629, 637 (5th Cir. 2000)).

[11] *Id.* (citing *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987)).

[12] *See Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003) (per curiam) (noting that a prosecutor's "suppression of exculpatory evidence is shielded by absolute immunity" (citations omitted)); *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016) ("A prosecutor is absolutely immune for initiating and pursuing a criminal prosecution, for actions taken in her role as advocate for the state in the courts, or when her conduct is intimately associated with the judicial phase of the criminal process." (internal quotation marks and citation omitted)).

period."[13]  Courts additionally "borrow" the forum state's equitable tolling principles.[14]

In Texas, the limitations period for personal injury claims is two years.[15]  Reynolds acknowledges that he waited over six years after his arrest and over four years after the charges against him were dropped before bringing the present lawsuit, and he does not dispute the two-year statute of limitations applies.  Instead, he argues that the statute of limitations is tolled here for two reasons: (1) in conspiracy cases the statute of limitations does not begin to run until the last overt act, and (2) Judge Lee issued a "fraudulent order" dismissing Reynolds's charges.  However, Reynolds fails to explain how either argument provides a basis for tolling his claims against Titus County and the Titus County Sheriff's Office under Texas law.[16]  We thus hold that Reynolds's claims against Titus County and the Titus County Sheriff's office are time-barred.

Based on the foregoing, the district court's judgment is AFFIRMED.

---

[13] *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998) (citation omitted).

[14] *Id.* (citation omitted).

[15] Tex. Civ. Prac. & Rem. Code § 16.003.

[16] "In Texas, two doctrines . . . may toll limitations (or delay accrual): fraudulent concealment, or injuries that are both inherently undiscoverable and objectively verifiable."  *Moon v. City of El Paso*, 906 F.3d 352, 358–59 (5th Cir. 2018) (citations omitted).